**Clarence D. GRAVES, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 01–7053.

United States Court of Appeals, Federal Circuit.

June 25, 2002.

Mark C. Jahne, of Magna, UT, argued for claimant-appellant.

Jane M.E. Peterson, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Stuart E. Schiffer, Acting Assistant Attorney General; David M. Cohen, Director; and Mark A. Melnick, Assistant Director. Of counsel on the brief were Richard J. Hipolit, Deputy Assistant General Counsel; and Y. Ken Lee, Attorney, Department of Veterans Affairs, of Washington, DC.

Before NEWMAN, CLEVENGER, and SCHALL, Circuit Judges.

SCHALL, Circuit Judge.

Clarence D. Graves appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that dismissed his appeal of a decision of the Board of Veterans' Appeals ("Board") for lack of jurisdiction on the ground that the appeal was untimely. *Graves v. Gober*, 2001 WL 65588 (Table) (Vet.App. January 5, 2001). We affirm.

## BACKGROUND

### I.

A preliminary discussion of the process for appealing a Board decision and for seeking reconsideration of a Board decision will assist the reader in understanding Mr. Graves' appeal.

The Veterans Court has exclusive jurisdiction to review decisions of the Board. 38 U.S.C. § 7252(a) (1994 & Supp. V 1999). Pursuant to 38 U.S.C. § 7266(a) (1994 & Supp. V 1999), the time allowed for appealing to the Veterans Court from a decision of the Board is 120 days. Section 7266(a) provides as follows:

In order to obtain review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans' Appeals, a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed pursuant to section 7104(e) of this title.

38 U.S.C. § 7266(a)(1) (Supp. V 1999).

However, instead of immediately appealing to the Veterans Court from a final decision of the Board, a claimant may ask the Board to reconsider its decision. *See* 38 C.F.R. § 20.1000 (2001) ("Reconsideration of an appellate decision may be ac-

corded at any time by the Board of Veterans' Appeals on motion by the appellant or his or her representative or on the Board's own motion. . . ."). The Board's regulations provide that "[a] motion for reconsideration of a prior Board of Veterans' Appeals decision may be filed at any time." 38 C.F.R. § 20.1001(b) (2001). The Chairman of the Board reviews motions for reconsideration and decides whether they should be granted or denied. *See* 38 U.S.C. § 7103(a) (1994); 38 C.F.R. § 20.1001(c) (2001).

In *Rosler v. Derwinski,* 1 Vet.App. 241 (1991), the Veterans Court addressed the effect that the filing of a motion for reconsideration of a Board decision has upon the 120–day period for appealing to the court. In that case, the Veterans Court held that a motion for reconsideration tolls the running of the 120–day judicial appeal period, if it is filed before the expiration of the 120–day period. The appellant then has 120 days from the date that notice of the Board's *reconsideration decision* is sent to file a notice of appeal with the Veterans Court. *Rosler* at 244–45. We adopted the *Rosler* rule in *Linville v. West,* 165 F.3d 1382, 1385–86 (Fed.Cir.1999).

■ Because an appellant may ask the Board to reconsider one of its decisions at any time, it may happen that a motion for reconsideration of a Board decision is filed after an appeal has been timely filed with the Veterans Court. In that situation, jurisdiction over the case already has passed to the Veterans Court. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *Cerullo v. Derwinski,* 1 Vet. App. 195, 196–97 (1991) (applying the *Griggs* principle in the context of an appeal

from the Board and concluding that jurisdiction is considered transferred to the Veterans Court at the time that a notice of appeal is filed). In that event, the Veterans Court may suspend proceedings in the appeal that is pending before it. Rule 5 of the court's Rules of Practice and Procedure provides:

The Court may suspend proceedings after an appeal has been filed under Rule 4:(1) on motion by the appellant seeking reconsideration by the Board; or (2) by motion of the Secretary for reasons of confession of error, by specifying the error below and the proceedings or remedy deemed to be appropriate on remand. The Court, on its own initiative, may also suspend appellate proceedings. See also Rule 28(b)(2).

However, since the filing of a timely notice of appeal vests jurisdiction in the Veterans Court, the court has held that "any attempt by the [Board] or the [Board] Chairman to order reconsideration of a [Board] decision after [a notice of appeal] has been timely filed with this Court is null and void unless the Court first orders a remand." *Cerullo,* 1 Vet. App. at 196. To maintain its exclusive jurisdiction over a case in which a timely notice of appeal has been filed, but at the same time allow the Board to address a motion for reconsideration, the Veterans Court has adopted a procedure for remanding cases to the Board. Under that procedure, "the [Board] Chairman may indicate, after [a notice of appeal] has been filed with this Court, that he is inclined to grant reconsideration . . . or the Board may indicate a desire to correct an obvious error. . . . At that time, a motion for remand must be filed with this Court." *Cerullo* at 200; *see, e.g., Stuckey v. West,* 13 Vet.App. 163 (1999) (describing the granting of an appellant's motion to stay proceedings in the Veterans Court pending Board action on a motion for reconsidera-

tion and the subsequent renewal of proceedings upon the Board's denial of the motion); *Sumner v. Principi,* 15 Vet.App. 256, 257 (2001) (describing the granting of an appellant's motion to stay proceedings in the Veterans Court pending Board action on a motion for reconsideration and the subsequent remand of the case to the Board upon indication that reconsideration would be granted).

With this background in hand, we turn to the facts of Mr. Graves' case.

## II.

On January 22, 1998, the Board issued a decision in which it ruled that Mr. Graves was not entitled to a combined disability rating greater than 80% for various service-connected disabilities. Acting *pro se,* Mr. Graves timely appealed to the Veterans Court on May 19, 1998. *Graves,* slip op. at 1.

After filing his notice of appeal, Mr. Graves retained counsel. On June 15, 1998, counsel filed in the Veterans Court a document titled "LIMITED APPEARANCE TO REQUEST DISMISSAL WITHOUT PREJUDICE." The document read as follows:

> Veteran, through counsel, makes a Limited Appearance before this Court to request this matter be Dismissed without prejudice to a future filing if such becomes necessary. The Veteran retained my services as indicated on the attached Appointment of Representative and Contingency Fee Agreement after he made his appeal to this Court. A file review indicates this file requires more development and action before an appeal could be effective.

The document did not cite to any rules of the Veterans Court and did not provide any indication that Mr. Graves intended to seek reconsideration of the decision of the Board that was on appeal.

On June 18, 1998, the Veterans Court issued an Order in response to Mr. Graves' request. After stating that "[t]he appellant, through counsel, has notified the Court of a desire to withdraw his appeal, as is permitted by Rule 42 of the court's Rules of Practice and Procedure," the court ordered the appeal dismissed, without stating whether the dismissal was with or without prejudice. The court's dismissal of Mr. Graves' appeal was pursuant to its Rule 42, which provides as follows:

> If the parties sign and file with the Clerk an agreement that the proceeding be dismissed, the Clerk shall enter the case dismissed. An appeal may be dismissed on motion of the appellant upon terms requested by the appellant, agreed upon by the parties, or fixed by the Court. An appellant may, at any time before appellant's brief is filed, withdraw an appeal in writing without filing a motion.

Subsequently, in January of 1999, Mr. Graves asked the Board to reconsider its January 22, 1998 decision, which Mr. Graves originally had appealed to the Veterans Court. The Board denied the request in June of 1999, and Mr. Graves again turned to the Veterans Court. On September 9, 1999, he filed a notice of appeal with respect to both the Board's denial of his request for reconsideration and its original decision of January 22, 1998.

As noted above, the Veterans Court dismissed Mr. Graves' appeal for lack of jurisdiction on the ground that it was untimely. The court pointed out that, pursuant to 38 U.S.C. § 7266(a), Mr. Graves was required to file his notice of appeal with the court within 120 days of the date the Board mailed its January 22, 1998 decision to him. The court noted that Mr. Graves' original appeal had been dismissed at his request and that, thereafter, Mr. Graves

had failed to file a new notice of appeal within 120 days of the mailing of the Board's January 22, 1998 decision. *Graves,* slip op. at 1–2. The court also noted that Mr. Graves had not filed a motion for reconsideration with the Board within the 120–day period following January 22, 1998. Citing *Rosler,* the court observed that, if Mr. Graves had filed a motion for reconsideration with the Board within the 120–day judicial appeal period, the finality of the initial Board decision "would have been abated" and a new 120–day period would have begun to run on the date that the Board mailed him a denial of his motion for reconsideration. *Graves,* slip op. at 2. In addition, the court pointed out that, in lieu of seeking dismissal of his appeal, Mr. Graves could have requested a stay of proceedings while he sought reconsideration before the Board. Finally, the Veterans Court rejected Mr. Graves' argument that the court had retained jurisdiction over his original appeal under Rule 5 relating to suspensions because his original appeal had been dismissed without prejudice at his request pursuant to Rule 42. The court concluded by stating that because there was no underlying timely appeal from the Board's January 22, 1998 decision, the court did not have jurisdiction to review the June 1999 denial of Mr. Graves' motion for reconsideration. *Id.*

## DISCUSSION

### I.

■ As an initial matter, the Secretary asserts that we lack jurisdiction to hear this case. According to the Secretary, this case does not present any issue regarding the validity or interpretation of a statute or regulation, so as to support our jurisdiction under 38 U.S.C. § 7292 (1994 & Supp. V 1999).

Section 7292(a) provides, in relevant part, that after the Veterans Court renders a decision in a case, any party to the case "may obtain a review of the decision with respect to the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Our jurisdiction is explained in 38 U.S.C. § 7292(d)(1), which states that we have authority to review, and "hold unlawful and set aside," if warranted, "any regulation or any interpretation thereof (other than a determination as to a factual matter) that was relied upon in the decision of the [Veterans Court]." 38 U.S.C. § 7292(d)(1) (1994 & Supp. V 1999). The Secretary argues that Mr. Graves is simply challenging the Veterans Court's application of Rules 5 and 42 to the facts of his case, the type of matter that is beyond the scope of our jurisdiction. *See* 38 U.S.C. § 7292(d)(2)(1994) ("Except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.")

We are not persuaded by the Secretary's jurisdictional argument. In *Forshey v. Principi,* 284 F.3d 1335 (Fed.Cir.2002) (en banc), we stated that, under section 7292(a), we have jurisdiction to review a decision of the Veterans Court if that review invokes "issues of interpretation," in other words, "if the [Veterans Court] elaborated the meaning of a statute or regulation and the decision depended on that interpretation," or if the review involves "issues of validity or interpretation raised before the [Veterans Court] but not decided, if the decision would have been altered by adopting the position that was urged." *Id.* at 1338. We explained that "we have jurisdiction to consider the ... interpretation of all statutes or regulations that 'bear upon or properly apply to' the issues before us." *Id.* at 1351–52. In this case, Mr.

Graves argued to the Veterans Court that, under Rules 5 and 42 as properly interpreted, the court retained jurisdiction over his original appeal even after it had been dismissed and that, consequently, the court had jurisdiction to adjudicate his refiled appeal.[1] The court rejected that argument, and Mr. Graves now appeals. Although the decision of the Veterans Court does not mention either Rule 5 or Rule 42, the text of the decision makes it clear that the court elaborated upon the meaning of Rule 42, as well as 38 U.S.C. § 7266(a):

> The Court rejects Mr. Graves' contention that because his motion requested dismissal "without prejudice" this Court still has jurisdiction relating back to the date his original (and dismissed) [notice of appeal] was filed. The Clerk granted the request for dismissal but did not expressly indicate that the dismissal was without prejudice. Even if the granting of the request for dismissal was without prejudice by implication, Mr. Graves could maintain his right to appeal the underlying [Board] decision only if his counsel had moved for reconsideration of the Board decision, or another [notice of appeal] had been filed, within the statutory appeal period. *See* 38 U.S.C. § 7266(a); *see also Rosler, supra.*

*Graves,* slip op. at 2. Therefore, under *Forshey,* we have jurisdiction over Mr. Graves' appeal. *See also Santoro v. Principi,* 274 F.3d 1366 (Fed.Cir.2001) (reviewing the Veterans Court's interpretation of its jurisdictional statute).

## II.

■ Turning to the merits, Mr. Graves argues that the Veterans Court erred in dismissing his appeal for lack of jurisdiction. Noting the language of Rule 42 that an appeal "may be dismissed on motion of the appellant upon terms requested by the appellant," Mr. Graves states that "[t]here is no question" that he requested that his appeal be dismissed without prejudice so that he could file a motion for reconsideration before the Board. He also states that a dismissal without prejudice for such a purpose is allowed under Rule 5. Mr. Graves contends that the Veterans Court retained jurisdiction over his appeal, even after the June 18, 1998 dismissal, through what he refers to as "the force and effect of Rules 5 and 42." He concludes that, in view of the way Rules 5 and 42 operated in his case, it was wrong for the Veterans Court to conclude that it lacked jurisdiction over his second appeal under 38 U.S.C. § 7266(a).

We are unable to accept Mr. Graves' arguments. In the first place, the record does not support the assertion that "[t]here is no question" that Mr. Graves sought dismissal in order to file a motion for reconsideration before the Board. We have quoted above in its entirety the June 15, 1998 request for dismissal. The request does not mention either Rule 5 or Rule 42. In addition, it does not in any way suggest that Mr. Graves was seeking a dismissal so that he could file a motion for reconsideration before the Board. On the contrary, a reading of the request compels the conclusion that Mr. Graves intended to gather additional evidence in support of his claim for a disability rating greater than 80%. ("A file review indicates this file requires more development and action before the Department before an appeal could be effective.")

■■ The most fundamental problem facing Mr. Graves, however, is the fact that, as a matter of law, once his appeal was dismissed—for whatever purpose and

---

1. For purposes of our jurisdictional analysis, we find the rules of the Veterans Court to·be analogous to regulations.

whether with or without prejudice—it was as if the appeal had never been filed. A dismissal without prejudice is a dismissal that occurs without an adjudication on the merits. The dismissal of an action without prejudice leaves the parties as though the action had never been brought. *See Bonneville Assocs. Ltd. P'ship v. Barram,* 165 F.3d 1360, 1364 (Fed.Cir.1999) (stating that "[t]he rule in the federal courts is that '[t]he effect of a voluntary dismissal without prejudice pursuant to [Federal Rule of Civil Procedure] 41(a) is to render the proceedings a nullity and leave the parties as if the action had never been brought.'" (quoting *Williams v. Clarke,* 82 F.3d 270, 273 (8th Cir.1996))); *see also* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2367, at 321 (2d ed. 1995) ("A voluntary dismissal without prejudice leaves the situation as if the action never had been filed.") In *Bonneville,* the nullifying effect of a voluntary dismissal in accordance with Fed.R.Civ.P. 41(a)(1) was applied in the context of a General Services Administration Board of Contract Appeals dismissal. We think the rule is equally applicable to voluntary dismissals under Rule 42 of the Veterans Court. Consequently, once Mr. Graves' appeal was dismissed, the Veterans Court no longer had jurisdiction over the action.

The dismissal of his initial appeal meant that Mr. Graves was barred from appealing the January 18, 1998 decision of the Board that held that he was not entitled to a disability rating of greater than 80%. That is because, in light of the dismissal, he was in the same situation that he would have been in if he had never filed a notice of appeal, and by June 18, 1998, the date of the dismissal, the 120–day period under section 7266(a) for filing a notice of appeal had passed. The Veterans Court did not err in dismissing the appeal for lack of jurisdiction.

Mr. Graves has lost the right to appeal the Board's January 18, 1998 decision. That is an unfortunate result. However, it is the result that flows from the course of action that he chose to follow: dismissal of his appeal after the 120–day judicial appeal period had expired. As explained above, an alternative course was available that would have preserved his appeal rights. If he had wished to seek reconsideration before the Board, pursuant to Rule 5, Mr. Graves could have asked the Veterans Court to suspend proceedings in his pending appeal while he sought reconsideration. Thereafter, matters would have proceeded as contemplated by *Cerullo.* If the Board had denied reconsideration, Mr. Graves' pending appeal would have proceeded. If, however, the Chairman of the Board had indicated that he was inclined to grant reconsideration, the Veterans Court would have entertained a motion to remand the case to the Board for reconsideration proceedings. Thereafter, if Mr. Graves was unsatisfied with the result of the remand proceedings, he could have appealed to the Veterans Court. *See, e.g., Stuckey,* 13 Vet. App. at 168. What Mr. Graves could not do if he wished to maintain his appeal rights was what he did here: obtain dismissal of his appeal after the 120–day appeal period had expired.

Finally, the Veterans Court did not err in dismissing Mr. Graves' appeal from the Board's January 1999 denial of his motion for reconsideration. As we held in *Mayer v. Brown,* 37 F.3d 618 (Fed.Cir.1994), the Veterans Court cannot exercise jurisdiction over an appeal from a denial of a motion for reconsideration unless it has jurisdiction over the timely appeal of the underlying Board decision. As just explained, in this case there was no timely appeal over which the Veterans Court had jurisdiction. Therefore, the court properly dismissed the appeal from the Board's de-

nial of reconsideration for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Veterans Court dismissing Mr. Graves' appeal for lack of jurisdiction on that ground that it was untimely.

## COSTS

Each party shall bear its own costs.

· *AFFIRMED.*