NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
Is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-7125

ERLINDA T. CABALZA,

Claimant-Appellant,

v.

ANTHONY J. PRINCIPI, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  November 8, 2004

_____

Before, RADER, DYK, and PROST, Circuit Judges.

PER CURIAM

The U.S. Court of Appeals for Veterans Claims (Veterans Court) affirmed the Board of Veterans' Appeals' (BVA's) decision to dismiss Mrs. Erlinda Cabalza's appeal for lack of jurisdiction.  Cabalza v. Principi, No. 03-1975 (Vet. App. Mar. 10, 2004).  Because Mrs. Cabalza fails to raise a constitutional issue in her appeal to this court, this court lacks jurisdiction to review the Veterans Court's dismissal of Mrs. Cabalza's appeal as untimely.  Accordingly, Mrs. Cabalza's appeal to this court is dismissed.

BACKGROUND

On March 11, 2003, the BVA denied Mrs. Cabalza's claim for dependency and indemnity compensation benefits based on service connection for the cause

of her veteran husband's death. Accompanying the decision was a notice informing Mrs. Cabalza that she had "120 days from the date of mailing of the notice of the BVA's decision" to file a notice of appeal with the Veterans Court. See also 38 U.S.C. § 7266(a) (2000). Mrs. Cabalza did not immediately appeal to the Veterans Court. Instead, on August 27, 2003, 169 days after the mailing of the BVA's decision, Mrs. Cabalza asked the BVA to reconsider its decision. Mrs. Cabalza's motion for reconsideration of the BVA's decision was timely under 38 C.F.R. § 20.1001(b) (2001) (emphasis added), which provides that a "motion for reconsideration of a prior Board of Veterans' Appeals decision may be filed at any time."

On September 9, 2003, the BVA denied Mrs. Cabalza's motion for reconsideration for failure to show error in the BVA's decision. Mrs. Cabalza filed a notice of appeal on November 10, 2003 with the Veterans Court. The Veterans Court ordered Mrs. Cabalza to show cause why the appeal should not be dismissed for lack of jurisdiction since she had not filed within the 120-day deadline as required by section 7266(a) of title 38. Mrs. Cabalza filed responses on February 9 and 18, 2004. These responses, however, did not address the Veterans Court's lack of jurisdiction. The Veterans Court dismissed the appeal for lack of jurisdiction on March 10, 2004, and entered judgment on May 3, 2004. Mrs. Cabalza now appeals the Veterans Court's determination to this court.

DISCUSSION

This court's jurisdiction to review a judgment of the Veterans Court is limited by 38 U.S.C. § 7292(d)(2), which provides that "[e]xcept to the extent that

an appeal . . . presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." Therefore, without a constitutional issue, this court lacks jurisdiction to review Mrs. Cabalza's appeal if it involves a determination of facts or the application of law to facts.

On appeal, Mrs. Cabalza argues that 38 U.S.C. § 7266(a) and 38 C.F.R. § 20.1001(b) are misleading and unconstitutional. Mrs. Cabalza argues that the 120-day appeal period of section 7266(a)(1) of title 38 was tolled because she had filed a request for reconsideration with the BVA "at any time" as defined under 5 C.F.R. § 20.1001(b). However, in order to toll the 120-day appeal period, an appellant must file a motion for reconsideration of a decision of the BVA within 120 days after the BVA's decision is mailed. Graves v. Principi, 294 F.3d 1350, 1352 (Fed. Cir. 2002) (citing Rosler v. Derwinski, 1 Vet. App. 241 (1991)). The appellant then has 120 days from the date of mailing of the BVA's reconsideration decision to file a notice of appeal with the Veterans Court. Id. Because Mrs. Cabalza filed a motion for reconsideration of the BVA's decision 169 days after the mailing of the BVA's initial decision, Mrs. Cabalza's motion did not toll the appeal period.

Furthermore, Mrs. Cabalza's appeal is not eligible for equitable tolling of the 120-day appeal period because she has not shown that she "has actively pursued [her] judicial remedies by filing a defective pleading" or that she was "induced or tricked by [her] adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); see

Bailey v. West, 160 F.3d 1360, 1364-68 (Fed. Cir. 1998) (adressing the doctrine of equitable tolling). Because Mrs. Cabalza is not seeking review of a decision of the Veterans Court with respect to a constitutional issue, but instead simply challenges the Board's application of the law to the facts of this case, this court lacks jurisdiction and must therefore dismiss Mrs. Cabalza's appeal.

Mrs. Cabalza also raises arguments relating to the merits of her underlying claim. Because the Veterans Court dismissed her appeal on timeliness grounds, the merits of this case are not properly before us and we decline to address them.