**Greg A. MORGAN, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

No. 2008–3003.

United States Court of Appeals, Federal Circuit.

Jan. 9, 2008.

Greg A. Morgan, pro se.

Before MICHEL, Chief Judge, LOURIE and LINN, Circuit Judges.

ON MOTION

PER CURIAM.

*ORDER*

The Department of Transportation (DOT) moves for summary affirmance of the Merit Systems Protection Board's August 22, 2007 decision dismissing without prejudice Greg A. Morgan's appeal. *Morgan v. Department of Transp.,* No. SF–1221–07–0607–W–1. Morgan opposes. DOT replies.

Morgan filed an appeal with the Board alleging that his five-day suspension and removal were taken in retaliation for whistleblowing activity. The Administrative Judge (AJ) noted that Morgan's removal was also the subject of another Board appeal, which is currently before this court in *Morgan v. Department of Transp.,* 2007–3201. The AJ determined that this court's decision in 2007–3201 "may have a significant impact on the adjudication" of this case, and dismissed the later-filed appeal without prejudice. The dismissal order provides that Morgan may refile his appeal within 60 days of this court's decision in 2007–3201. In the dismissal order, the AJ further noted that during an August 22, 2007 status conference, he informed the parties that the

doctrines of res judicata and collateral estoppel would preclude the parties from relitigating certain issues that were decided in the Board appeal underlying 2007–3201.

Summary affirmance of a case is appropriate "when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed.Cir.1994).

DOT argues that there is no substantial question regarding the outcome of this petition for review and thus the court should summarily affirm. DOT argues that the AJ did not abuse his discretion in dismissing Morgan's appeal without prejudice. DOT further argues that the AJ's statements in the dismissal order concerning res judicata and collateral estoppel "were not final appealable decisions ... The inclusion of the administrative judge's verbal comments in the initial decision merely memorialized the status conference between the parties. Therefore, there was no final decision regarding the application of *res judicata* or collateral estoppel." Morgan responds that the AJ has declared that res judicata and collateral estoppel apply and that determination is law of the case.

The court determines that because the AJ's dismissal was without prejudice, the merits of Morgan's appeal have not been adjudicated. *See Graves v. Principi*, 294 F.3d 1350, 1356 (Fed.Cir.2002) ("A dismissal without prejudice is a dismissal that occurs without an adjudication on the merits. The dismissal of an action without prejudice leaves the parties as though the action had never been brought"). Thus, if Morgan refiles his Board appeal as permitted by the AJ's dismissal order after this court's decision in 2007–3201, Morgan and DOT may at that time assert arguments concerning the merits of the case, including whether res judicata and/or collateral estoppel apply.

Because the court determines that the AJ's order did not resolve the merits of Morgan's appeal, the only remaining issue of which Morgan could seek review is whether the AJ abused his discretion in dismissing the appeal. In his response to DOT's motion for summary affirmance, Morgan does not press this issue. Thus, Morgan has not established that the AJ abused his discretion in dismissing Morgan's appeal without prejudice.

The court concludes that no substantial question regarding the outcome of this petition exists; therefore, summary affirmance is appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) DOT's motion for summary affirmance is granted.

(2) Each side shall bear its own costs.