NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THOMAS L. STARK,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7074

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-3549, Judge Coral Wong Pietsch.

---

Decided: October 4, 2016

---

SEAN A. RAVIN, Coral Gables, FL, for claimant-appellant.

COURTNEY D. ENLOW, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by SCOTT D. AUSTIN, ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER; AMANDA BLACKMON, Y. KEN LEE,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

––––––––––––––––––

Before O'MALLEY, BRYSON, and STOLL, *Circuit Judges.*

PER CURIAM.

Thomas Stark appeals the February 4, 2015 decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming the August 21, 2013 decision of the Board of Veterans' Appeals ("Board"). *Stark v. McDonald*, No. 13-3549, 2015 WL 461601 (Vet. App. Feb. 4, 2015). For the reasons below, we *dismiss* Mr. Stark's appeal for lack of jurisdiction.

## BACKGROUND

Mr. Stark served in the United States Army from March 1966 to April 1986. In July 1979, Mr. Stark was involved in an automobile accident and sought treatment for injuries to his lower back and left appendages. At that time, Mr. Stark did not allege cervical spine pain, nor was he diagnosed with any cervical spine condition.

In June 1986, Mr. Stark applied for entitlement to disability benefits for various pains and injuries, including back pain. Again, Mr. Stark did not report a cervical spine injury. In February 1987, Mr. Stark was granted entitlement to service connection for chronic low back strain. At a September 1988 VA compensation and pension ("C&P") examination, an examiner noted that Mr. Stark reported mild pain in the back of his neck that had started in 1979. At a January 1999 VA C&P examination, an examiner noted that Mr. Stark reported cervical spine pain that started "a few years ago," and based on this report, the examiner diagnosed Mr. Stark with cervical spine disease with possible mild cord compression.

In July 2002, Mr. Stark submitted an informal claim for benefits for a cervical spine disability, which he

claimed as secondary to his service-connected chronic low back strain. In October 2002, the Regional Office denied entitlement to service connection for Mr. Stark's new claim. Mr. Stark appealed, and in September 2007, the Board affirmed the Regional Office's decision. Mr. Stark filed a medical opinion in August 2008 that connected the in-service automobile accident to his cervical spine pain. The parties then filed a joint motion for remand, which was granted.

In support of his claim on remand, Mr. Stark submitted two additional medical opinions. Despite these opinions, in July 2011, a C&P examiner concluded that Mr. Stark's injuries were not connected to his service. The Board again denied Mr. Stark's entitlement to service connection for a cervical spine disability in August 2013, finding Mr. Stark's reports of long-term neck problems not credible because of conflicting prior statements and his failure to report neck pain after the 1979 automobile accident. Relying on the 2011 C&P examiner's report, the Board found that (1) the cervical spine symptoms did not begin until 1998, (2) Mr. Stark failed to include cervical spine disability claims in his 1986 application, (3) the VA examinations prior to February 1998 did not uncover any neck pain, and (4) Mr. Stark specifically denied neck pain during private treatment in 1997.

Mr. Stark appealed the decision of the Board to the Veterans Court. On February 4, 2015, the Veterans Court found that the Board erred in its credibility finding by not explaining why Mr. Stark's failure to include neck pain in his 1986 application for benefits diminished his credibility. *Stark*, 2015 WL 461601, at *3–4. The Veterans Court found the Board's error to be non-prejudicial as a whole, pursuant to 38 U.S.C. § 7261(b), and therefore affirmed the Board's decision. *Id.* at *4–5. Mr. Stark appeals this decision.

DISCUSSION

Our ability to review a decision of the Veterans Court is limited. We may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). We have exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [38 U.S.C. § 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c). Except to the extent that an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

We agree with the Government that we do not have jurisdiction over this appeal under § 7292(d)(2). An interpretation of a statute or regulation occurs when its meaning is elaborated upon by the court. *Graves v. Principi*, 294 F.3d 1350, 1354–55 (Fed. Cir. 2002) (citing *Forshey v. Principi*, 284 F.3d 1335, 1349 (Fed. Cir. 2002) (en banc) (*superseded on other grounds by statute*, Pub. L. No. 107–330, § 402(a), 116 Stat. 2820, 2832 (2002))). Despite Mr. Stark's assertions to the contrary, the Veterans Court did not interpret § 7261(b)(2) in rendering its decision here by elaborating on the meaning of the statute. The Veterans Court simply applied § 7261(b)(2) to conduct its prejudicial error analysis, and concluded that the Board had not committed prejudicial error. J.A. 13–14. We further note that the parties did not argue for differing interpretations of § 7261(b)(2) in their briefing below.

Mr. Stark appeals the Veterans Court's application of law to the facts of this case, which is a matter over which

we lack jurisdiction.  We accordingly dismiss Mr. Stark's appeal.

### DISMISSED

#### COSTS

Each party shall bear its own costs.