NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GUADALUPE LOPEZ,**

*Claimant-Appellant*

**v.**

**ROBERT WILKIE, ACTING SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2018-1222

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-3419, Chief Judge Robert N. Davis.

---

Decided: May 2, 2018

---

GUADALUPE LOPEZ, San Antonio, TX, pro se.

JANA MOSES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., L. MISHA PREHEIM; BRIAN D. GRIFFIN, BRYAN THOMPSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, LOURIE, and REYNA, *Circuit Judges.*

REYNA*, Circuit Judge.*

Guadalupe Lopez appeals from a decision of the United States Court of Appeals for Veterans Claims affirming in part and remanding in part the decision of the Board of Veterans' Appeals denying certain increased rating claims, earlier effective date claims, claims to reopen, and service connection claims. For the reasons discussed below, we *dismiss* this appeal for lack of jurisdiction.

## BACKGROUND

Mr. Lopez's long history of service connection claims began almost fifty years ago.[1] Mr. Lopez served in the United States Marine Corps from June 1967 to March 1970. During his service, which included time in the Republic of Vietnam, he sustained fragment wounds to the left hand with nerve injury. Mr. Lopez's medical examination before separation revealed that he had scars on his head, hand, and leg, and that he suffered from recurrent headaches.

Mr. Lopez initiated a service connection claim at separation from the Marine Corps in March 1970 for his injuries and headaches, including a fragment head wound, with the Veterans Administration Regional Office ("RO"). The RO granted his request for service connection for his injuries to his hand with a 10% rating and a non-compensable rating for head injuries. In April 1971, Mr. Lopez filed a service connection claim for head injuries that caused a nervous condition, tension headaches, and

---

[1] Respondent-Appellee's Corrected Informal Response Brief provides a detailed history of Mr. Lopez's claims. Appellee Inf. Resp. at 2–8.

partial facial paralysis (Bell's palsy). The RO subsequently issued a rating decision and supplemental statement denying the service connection for Bell's palsy. Mr. Lopez challenged the RO's decision in August 1971, and after additional development of the claim, the Board of Veterans' Appeals ("Board") ultimately upheld the RO's denial of service connection for Bell's palsy in October 1973. In October 1984, Mr. Lopez filed claims to reopen his previously denied service connection claim and also contended he suffered from several conditions related to exposure to Agent Orange in Vietnam. The RO denied his service connection claim for these conditions in January 1985. In 1997, without appealing the January 1985 decision, Mr. Lopez again filed to reopen his service connection claims. The RO denied Mr. Lopez's 1997 claim on the grounds that he did not submit any new and material evidence to justify reopening.

In January 2008, Mr. Lopez sought to increase his disability ratings for several conditions. The VA subsequently afforded Mr. Lopez Compensation and Pension examinations in June 2008 and July 2009. In August 2009, the RO issued a rating decision addressing twenty-two claims that granted or continued service connections for several conditions and denied the remaining claims. Mr. Lopez filed a Notice of Disagreement with the August 2009 decision, which ultimately led to the United States Court of Appeals for Veterans Claims ("Veterans Court") decision now before this court, although he received additional examinations and ratings decisions in the years that followed.

The Board issued a decision on September 23, 2016, that addressed thirty-one issues. The Board remanded nine claims to allow for further development and denied entitlement to the others. On September 7, 2017, the Veterans Court set aside and remanded portions of the Board decision denying a disability rating for more than 30% for headaches and coronary artery disease and

denying service connection for bilateral hip disability, and affirmed the remainder of the decision. Mr. Lopez timely appealed to this court.

## DISCUSSION

Section 7292 of title 38 limits our jurisdiction in reviewing decisions by the Veterans Court. The court lacks jurisdiction to review "a challenge to a factual determination" or a "challenge to a law or regulation as applied to the facts of a particular case," unless the appeal "presents a constitutional issue." 38 U.S.C. § 7292(d). The court may "review, and 'hold unlawful and set aside,' if warranted, 'any regulation or any interpretation thereof (other than a determination as to a factual matter) that was relied upon in the decision of the [Veterans Court].'" *Graves v. Principi*, 294 F.3d 1350, 1354 (Fed. Cir. 2002).

Mr. Lopez asserts that the Veterans Court decision involved the validity or interpretation of a statute or regulation. Yet Mr. Lopez does not point to any particular statute or regulation that he claims is invalid or that the Veterans Court misinterpreted. Instead, Mr. Lopez argues that the Veterans Court did not properly review the Board's application of *Molloy v. Brown*, 9 Vet. App. 513 (1996), 38 U.S.C. § 7105(C), and "VA promulgated rules." Appellant Inf. Br. at 1–2, 4; Appellant Reply at 4. Despite Mr. Lopez's contrary assertions, the Veterans Court reviewed the Board's factual findings and applied established law to the facts of Mr. Lopez's case. The court's jurisdiction over Mr. Lopez's case, therefore, is limited to constitutional issues.

Mr. Lopez also asserts that the Veterans Court decided constitutional issues. Again, Mr. Lopez does not point to any constitutional issue purportedly decided by the Veterans Court. Mr. Lopez instead argues that the Veterans Court did not properly apply the *de novo* standard of review to the Board's decision and improperly affirmed the Board's determination not to reopen previously denied

claims. Mr. Lopez's arguments do not present constitutional issues and cannot support jurisdiction here simply because he characterizes them as such. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

Mr. Lopez makes several arguments that pertain to the merits of his claims, including whether the Board erred in deciding not to reopen previously denied claims in light of a June 2009 letter from the VA seeking additional evidence of his claims. "The question of whether evidence in a particular case is 'new and material' is either a 'factual determination' under section 7292(d)(2)(A) or the application of law to 'the facts of a particular case' under section 7292(d)(2)(B) and is, thus, not within this court's appellate jurisdiction." *Barnett v. Brown*, 83 F.3d 1380, 1383 (Fed. Cir. 1996).

Because Mr. Lopez's arguments all center on the application of law to fact and do not present constitutional issues, the court lacks jurisdiction to hear this appeal.

## CONCLUSION

Mr. Lopez's appeal from the Veterans Court is dismissed.

## DISMISSED

### COSTS

No costs.