NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DOROTHY M. MAY,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2018-2157

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-3484, Chief Judge Robert N. Davis.

---

Decided: November 15, 2018

---

DOROTHY M. MAY, Muskegon Heights, MI, pro se.

ALEXIS J. ECHOLS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; CHRISTOPHER O. ADELOYE, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, DYK, and HUGHES, *Circuit Judges.*

PER CURIAM.

Dorothy M. May, the widow of Frank May, a veteran, petitions this court for review of a final decision of the Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court dismissed Mrs. May's appeal as untimely. We *dismiss.*

BACKGROUND

Mr. May served on active duty in the U.S. Army from November 1966 to October 1968, including service in Vietnam. He died in February 1991 from a stroke due to hypertension with an underlying cause of atrial fibrillation. Because Mrs. May claims her husband's death was due to a service-connected disability, she seeks accrued benefits.[1] "[I]n order for a surviving spouse to be entitled to accrued benefits, the veteran must have had a claim pending at the time of his death for such benefits or else be entitled to them under an existing rating or decision." *Jones v. West*, 136 F.3d 1296, 1299 (Fed. Cir. 1998).

On August 31, 2010, ischemic heart disease was added to the list of conditions under 38 C.F.R. § 3.309(e) that create presumptive service connection. *See* Diseases Associated with Exposure to Certain Herbicide Agents (Hairy Cell Leukemia and Other Chronic B-Cell Leukemias, Parkinson's Disease and Ischemic Heart Disease), 75 Fed. Reg. 53202 (Aug. 31, 2010) (codified at 38 C.F.R. § 3.309). On September 9, 2010, Mrs. May filed a claim

---

[1]    Mrs. May also filed a claim for dependency and indemnity compensation for the cause of her husband's death, which was granted and is not at issue in this appeal.

for accrued benefits for ischemic heart disease associated with herbicide exposure.

On October 20, 2011, the Department of Veterans Affairs ("VA") denied Mrs. May's claim. The VA found no evidence that Mr. May was ever diagnosed with ischemic heart disease or had filed a claim for benefits based on any herbicide related disability. The VA concluded that service connection for ischemic heart disease was not established and therefore denied the accrued benefits claim.

Mrs. May filed a timely notice of disagreement with the Board of Veterans' Appeals ("Board"). On June 15, 2015, the Board denied her claim for accrued benefits because a claim for service connection for ischemic heart disease was not pending at the time of Mr. May's death. The Board mailed Mrs. May a copy of its decision on that same day ("final decision").

On August 5, 2016, more than 120 days after the Board mailed its final decision, Mrs. May requested reconsideration of the Board's decision. That motion was denied on August 8, 2017. On October 2, 2017, Mrs. May then appealed the Board's final decision to the Veterans Court. Her appeal was untimely because it was filed more than 120 days after the final decision and because her request for reconsideration was also filed more than 120 days after the final decision. *See Graves v. Principi*, 294 F.3d 1350, 1352 (Fed. Cir. 2002); *Linville v. West*, 165 F.3d 1382, 1386 (Fed. Cir. 1999). The 120-day deadline is not jurisdictional, and the period may be equitably tolled. *Henderson v. Shinseki*, 562 U.S. 428, 441–42 (2011).

On November 16, 2017, the Veterans Court ordered Mrs. May to show cause why her appeal should not be dismissed as untimely. The Veterans Court informed Mrs. May that "[e]quitable tolling of the 120-day time limit, however, is available when circumstances have

precluded an appellant from timely filing his or her [appeal] despite the exercise of due diligence." S.A. 85.[2]

Mrs. May submitted two responses in November 2017, each of which essentially argued that equitable tolling was warranted because Mr. May died before Congress approved benefits for veterans who served in the Vietnam War and suffered from ischemic heart disease, and he therefore never had an opportunity to file a claim for service connection for ischemic heart disease. She later submitted additional correspondence in January 2018, arguing that medical and financial conditions of her and her children prevented her from timely seeking reconsideration of the Board's final decision.

The Veterans Court dismissed Mrs. May's appeal as untimely, finding that equitable tolling was not warranted because "she ha[d] neither pled nor demonstrated that extraordinary circumstances prevented her from filing her motion for reconsideration within 120 days of the Board's decision, or alternatively, filing her [Notice of Appeal] within that 120-day period." *Id.* at 2.

Mrs. May timely appealed to this court. We have limited jurisdiction to review decisions of the Veterans Court. Absent a constitutional issue, we may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2); *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).

## DISCUSSION

Mrs. May argues that the Veterans Court erred in rejecting her request for equitable tolling. Her theory before the Board was that, at the time of her husband's

---

[2]   Citations to the record are to the supplemental appendix ("S.A.") filed by the government.

death, there was no presumption that ischemic heart disease was service related, and therefore he never had an opportunity to apply for benefits before he died. On appeal, she also argues that both her and her children have suffered numerous physical, medical, and mental disabilities over the years because of Mr. May and his service connected death, which prevented her from being able to seek reconsideration of the Board's final decision within the 120-day deadline.

"[T]his court has made clear that 'to benefit from equitable tolling, . . . a claimant [must] demonstrate three elements: (1) extraordinary circumstances; (2) due diligence; and (3) causation.'" *Toomer v. McDonald*, 783 F.3d 1229, 1238 (Fed. Cir. 2015) (quoting *Checo v. Shinseki*, 748 F.3d 1373, 1378 (Fed. Cir. 2014)). This is the standard that the Veterans Court applied, and Mrs. May does not argue that the Veterans Court applied an incorrect legal standard when evaluating whether equitable tolling was warranted. Rather, she challenges the Veterans Court's finding that she did not establish "exceptional circumstances" to warrant equitable tolling. In that respect, she raises no legal error over which we have jurisdiction.

There was no colorable claim of legal error with respect to the Veterans Court rejecting the explanations presented in Mrs. May's November 2017 responses and January 2018 additional correspondence. The Board held that the claimed earlier unavailability of the presumption did not prevent her from timely seeking reconsideration of the Board's final decision or from timely appealing that decision. With respect to the arguments presented in her November 2017 responses, the fact that her husband was unable to file a claim for benefits for ischemic heart disease before he died is not a basis for equitable tolling as the Veterans Court held. Further, while the Veterans Court's decision is not entirely clear, we read it as reject-

ing the sufficiency of the evidence presented in her January 2018 correspondence as either pre-dating the time period at issue or, to the extent she showed the existence of medical or financial hardship, failing to connect those hardships to her failure to file a timely motion for reconsideration or appeal. There is no colorable claim of legal error in that determination.

We therefore *dismiss* the appeal for lack of jurisdiction. 38 U.S.C. § 7292(d)(2).

**DISMISSED**

COSTS

No costs.