NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GUADALUPE LOPEZ, JR.,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1507

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-7393, Judge Michael P. Allen.

---

Decided: June 13, 2022

---

GUADALUPE LOPEZ, JR., San Antonio, TX, pro se.

IGOR HELMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, STOLL, and STARK, *Circuit Judges.*

PER CURIAM.

Guadalupe Lopez, Jr., a United States Marine Corps veteran, appeals the decision of the United States Court of Appeals for Veterans Claims. Mr. Lopez argues that his entitlement to disability benefits for coronary artery disease should have been effective as of the date he was discharged from service. Because Mr. Lopez's challenges on appeal involve the application of law to fact, we dismiss for lack of jurisdiction.

## BACKGROUND

Mr. Lopez served in the Marine Corps from February 1967 to March 1970, including service in the Republic of Vietnam. SAppx. 6.[1] During the time frame between now and his discharge, he has claimed, and received, service connection for numerous disabilities, including PTSD, tension headaches, carpal tunnel syndrome, coronary artery disease, and a variety of disabilities stemming from shell fragment wounds. SAppx. 145–46. The current appeal relates to his claim for service connection for coronary artery disease.

Although Mr. Lopez sought service connection for numerous disabilities shortly after his discharge in March 1970, SAppx. 176–78, he did not seek service connection for coronary artery disease at that time. In October 1984, Mr. Lopez sought service connection for other health problems, including a heart problem. SAppx. 167. The Veterans Administration Regional Office (RO) denied his claims in January 1985. *Id.*

---

[1] "SAppx." refers to the supplemental appendix filed by the Government.

In January 1997, Mr. Lopez filed a request to reopen claims for service connection for several conditions, including dizziness, shortness of breath, and high blood pressure. SAppx. 164. The RO denied his request to reopen, finding that Mr. Lopez had failed to present new and material evidence warranting reopening. *Id.*

In March 2002, Mr. Lopez reported to the VA medical center in San Antonio, Texas that he had a history of coronary artery disease. SAppx. 160. That reporting was reflected in his records which were received by the VA on September 17, 2002. *Id.*

On October 13, 2009, the VA added "ischemic heart disease" (also known as coronary artery disease) to the list of disabilities that are presumptively service-connected based on exposure to herbicides in the Republic of Vietnam. Accordingly, in February 2010, Mr. Lopez sought "retroactive benefits" for coronary artery disease. SAppx. 163. The RO granted service connection for coronary artery disease and assigned a ten percent disability rating effective September 17, 2002, the date the VA received Mr. Lopez's medical record reporting his history of coronary artery disease. SAppx. 150, 159–61. Mr. Lopez appealed this decision to the Board of Veterans' Appeals.

While Mr. Lopez's appeal was pending, he underwent a VA examination on January 29, 2015, in which the examiner noted Mr. Lopez's coronary artery disease impacted his ability to work. SAppx. 66, 143. Accordingly, the RO increased Mr. Lopez's rating from ten percent to thirty percent, effective January 29, 2015. SAppx. 143–44.

The Board, in September 2016, denied Mr. Lopez's request for an increased rating and earlier effective date for the thirty percent rating. SAppx. 98–99. Mr. Lopez appealed this decision to the Court of Appeals for Veterans Claims.

The Veterans Court vacated the Board's determination as to a thirty percent disability rating effective January 29, 2015. SAppx. 66. The Veterans Court determined that the Board failed to account for the 2015 VA examiner's finding that Mr. Lopez's coronary artery disease affected his ability to work and did not make specific findings as to why this was appropriately addressed by his thirty percent rating. *Id.*

On remand, the Board considered the VA examiner's statement, but denied a rating higher than thirty percent. SAppx. 52–53. The Board, however, assigned an earlier effective date for Mr. Lopez's coronary artery disease based on an exception from the general rules for establishing an effective date. SAppx. 61–63. Specifically, in the wake of a successful class action lawsuit[2] against the VA regarding veterans' exposure to certain herbicides, including Agent Orange, the VA promulgated a regulation implementing the court's orders—38 C.F.R. § 3.816. This regulation specifies rules for determining retroactive effective dates for Vietnam-era veterans whose disabilities are later presumed service-connected by statute or regulation. The Board applied that regulation here.

The Board determined that Mr. Lopez's claim that was denied in January 1985 fell outside the window for this exception. SAppx. 62; *see also* § 3.816(c)(1) (listing date range as September 25, 1985 to May 3, 1989), (c)(2) (listing date range as "pending before VA on May 3, 1989, or was received by VA between that date and the effective date of the statute or regulation establishing a presumption of service connection for the covered disease"). But the Board

---

[2]    *Nehmer v. U.S. Veterans' Admin.*, 712 F. Supp. 1404 (N.D. Cal. 1989) (*Nehmer I*); *Nehmer v. U.S. Veterans Admin.*, 32 F. Supp. 2d 1175 (N.D. Cal. 1999) (*Nehmer II*); *Nehmer v. Veterans' Admin. of Gov't of U.S.*, 284 F.3d 1158 (9th Cir. 2002) (*Nehmer III*).

interpreted Mr. Lopez's 1997 request to reopen, which fell within the window of the exception, as "reasonably includ[ing] symptomology contemplated by a heart disorder." SAppx. 62. Accordingly, the Board assigned an effective date of January 4, 2001, which was the date the Board determined that the "disability arose" under § 3.816(c)(2). SAppx. 63. Mr. Lopez again appealed this decision to the Veterans Court.

The Veterans Court again vacated the Board's decision and remanded. The Veterans Court found the Board's determination of the effective date as being the date of diagnosis to be deficient in its reasoning. SAppx. 31. Accordingly, the Veterans Court remanded the case to the Board.

In a July 2020 decision, the Board applied an effective date of January 17, 1997, SAppx. 14, 19, the date of Mr. Lopez's request to reopen which the Board had previously interpreted as "reasonably includ[ing] symptomology contemplated by a heart disorder," SAppx. 62. The Board again confirmed, however, that Mr. Lopez's earlier 1984 claim that included "heart problems" was filed outside of the window for the special *Nehmer* rules governing effective dates. SAppx. 18. The Board also denied an increased rating (above thirty percent). SAppx. 22. Mr. Lopez then appealed this decision to the Veterans Court.

This time, the Veterans Court affirmed. *Lopez v. McDonough*, No. 20-7393 (Vet. App. Jan. 19, 2022). SAppx. 1 (Judgment); SAppx. 6–12 (Memorandum Decision). In a single-judge memorandum decision, the Veterans Court found no basis for entitlement for awarding an effective date retroactive to March 1970 (the date of Mr. Lopez's discharge), as Mr. Lopez had requested. SAppx. 8. The Veterans Court confirmed the Board's application of the special *Nehmer* effective date provisions to Mr. Lopez's case and rejected his argument that the Board failed to comply with previous remands. SAppx. 8–9. The

Veterans Court also rejected Mr. Lopez's claims for a higher rating. SAppx. 9–11.

Mr. Lopez then moved for a panel decision. A three-judge panel granted the request and affirmed the single-judge memorandum decision. Appellant's Br. 29–30 (Veterans Court panel decision dated December 13, 2021).[3] Mr. Lopez then moved for review by the full court, which the Veterans Court denied on January 19, 2022. Appellant's Br. 27.

Mr. Lopez now appeals to this court.

## DISCUSSION

Our jurisdiction over appeals from the Veterans Court is limited. We are permitted to "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). But we cannot review a challenge to a factual finding or a challenge to a law or regulation as applied to the facts of a case, except to the extent that an appeal presents a constitutional issue. *Id.* § 7292(d)(2); *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).

On appeal, Mr. Lopez makes a number of arguments challenging the Veterans Court's decision, but they all involve challenges to the application of the law to fact—questions that we may not review. For instance, we understand Mr. Lopez to argue principally that the Veterans Court's decision misapplied the *Nehmer* special provisions in determining the effective date in his case. *See, e.g.*, Appellant's Br. 2 (arguing "non-Nehmer disposition"), 5 (referring to the "Nehmer Court Order" and Section 3.816); *see also id.* at 7–8, 10–11, 13–16, 18–19, 22–23. This argument,

---

[3] "Appellant's Br. __" refers to pages in Mr. Lopez's informal brief as paginated by the Court's electronic filing system.

however, requests that we review the Veterans Court's application of the law (the *Nehmer* special provisions and § 3.816) to the facts in Mr. Lopez's case, something that we may not review.

Mr. Lopez also appears to challenge the Veterans Court's application of its Internal Operating Procedures (IOPs). *See, e.g.*, Appellant's Br. 4, 7–9, 11, 16–17. This, however, does not involve a question of law or interpretation of a constitutional or regulatory provision, over which we would have jurisdiction. *See Mathis v. McDonald*, 625 F. App'x 539, 542 (Fed. Cir. 2015) (dismissing challenge to Veterans Court's denial of motion to reassign based on the Veterans Court's assignment based on its IOPs, a determination that we found to be "a factual one . . . outside our jurisdiction").[4]

---

[4]    We note that Mr. Lopez argues we have jurisdiction under *Graves v. Principi*, 294 F.3d 1350, 1355 (Fed. Cir. 2002). Appellant's Br. 12. In *Graves*, we rejected the Government's argument urging dismissal where the appellant argued that the Veterans Court improperly interpreted its Rules of Practice and Procedure. 294 F.3d at 1353–55. The issue in *Graves*, however, regarded the Veterans Court's jurisdiction and we treated the rules of the Veterans Court as "analogous to regulations." *Id.* at 1355 n.1. Furthermore, we noted that the Veterans Court's decision "makes it clear that the court elaborated upon the meaning of Rule 42, as well as 38 U.S.C. § 7266(a)." *Id.* at 1355. Accordingly, we held that we had jurisdiction because the Veterans Court was interpreting both a rule and a statute. The Veterans Court's IOPs discussing the internal processing procedures for appeals are not analogous. And in any case, it is not clear that the Veterans Court was interpreting those IOPs in its decisions because the decisions do not mention the IOPs at all.

Furthermore, it appears that the basis of Mr. Lopez's argument regarding the Veterans Court's IOPs is that the Board acted in defiance of the Veterans Court's remands, and thus the Board's decision was "'substantially different' from the one remanded." *See, e.g.*, Appellant's Br. 8. The difference between the Veterans Court's mandates and the Board's decisions, in Mr. Lopez's view, is the application of *Nehmer* in determining the effective date for Mr. Lopez's coronary artery disease. *Id.* (arguing the Veterans Court erred in "accept[ing] 'a new appeal' remanded rationale from the [Board]" instead of being "in response to [the Veterans] Court . . . Nehmer remand rationale" and thus "ignored [the] Court's . . . responsibilities" under the IOPs). But as explained above, we do not have jurisdiction to review the application of *Nehmer* to the facts of Mr. Lopez's case.

Here, the Veterans Court acted leniently in interpreting Mr. Lopez's claims and arguments. It remanded his case twice, each time resulting in increased benefits for Mr. Lopez. Mr. Lopez now challenges the third decision by the Veterans Court, focusing only on the Veterans Court's application of the *Nehmer* provisions in determining the effective date of his claims. We do not have jurisdiction to review this application of law to fact. Accordingly, we dismiss Mr. Lopez's appeal.

## CONCLUSION

Because we lack jurisdiction to consider the arguments Mr. Lopez raises on appeal, we dismiss.

## **DISMISSED**

### COSTS

No costs.