NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONALD R. DAVIS,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-2337

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-854, Judge Mary J. Schoelen.

---

Decided: November 4, 2016

---

DONALD R. DAVIS, Abilene, TX, pro se.

P. DAVIS OLIVER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ELIZABETH M. HOSFORD; BRIAN D. GRIFFIN, JONATHAN KRISCH, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Donald R. Davis appeals from a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) denying his petition for extraordinary relief in the nature of a writ of mandamus. *Davis v. McDonald*, No. 16-0854, 2016 WL 1083124 (Vet. App. Mar. 18, 2016), *adhered to on denial of reconsideration*, 2016 WL 2621086 (Vet. App. May 9, 2016). Because Mr. Davis' arguments fail to raise a non-frivolous legal question and challenge only the Veterans Court's findings of fact and application of law to fact, we *dismiss* for lack of jurisdiction.

## BACKGROUND

Mr. Davis contends that the Department of Veterans Affairs (VA) improperly denied him educational benefits he is owed pursuant to the Veterans Educational Assistance Program (VEAP). Mr. Davis appealed the VA's denial of benefits to the Board of Veterans' Appeals (Board) and was informed on February 13, 2015 that his appeal was "formally placed on the Board's docket." On February 1, 2016, Mr. Davis wrote a letter to the Board inquiring about the status of his appeal. Mr. Davis noted in his correspondence that it had been nearly a year since his appeal was docketed and still no action was taken by the Board. Therefore, Mr. Davis concluded that his appeal must have lost its place for consideration and decision in regular order according to its place upon the docket in violation of 38 U.S.C. § 7107(a). Mr. Davis then asked if there was any reason why his appeal was not being reviewed. He informed the Board that if no response was received within thirty days, he would seek a writ of mandamus with the Veterans Court.

Receiving no response from the Board, Mr. Davis filed a petition for extraordinary relief in the nature of a writ of

mandamus with the Veterans Court on March 1, 2016, requesting that the Board be compelled to act in a timely manner and decide his appeal pursuant to its place on the docket. The Veterans Court denied Mr. Davis' petition on March 18, 2016. The court noted the known backlog at the Board and acknowledged that an appeal in the VA system can be a lengthy process. The court also noted that the remedy of mandamus is reserved for "extraordinary situations" and delay alone is not a valid basis to justify the drastic remedy of an extraordinary writ. The Veterans Court found that Mr. Davis failed to demonstrate that the complained-of delay in processing his appeal was so extraordinary that it amounted to an arbitrary refusal to act. As such, the Veterans Court concluded that Mr. Davis did not establish a clear and indisputable right to a writ.

Mr. Davis timely filed a motion for reconsideration or, in the alternative, a motion for panel decision. On May 9, 2016, the panel denied the motion for reconsideration and ordered that the March 18, 2016 order would remain the decision of the Veterans Court. Mr. Davis then filed a motion for full-Court review, which was denied on June 20, 2016. Mr. Davis now appeals to this court the March 18, 2016 decision of the Veterans Court denying his petition, seeking to invoke our jurisdiction under 38 U.S.C. § 7292(a).

DISCUSSION

A

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *Guillory v. Shinseki*, 603 F.3d 981, 986 (Fed. Cir. 2010). We have jurisdiction over "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). We lack jurisdiction over any "challenge to a factual determination" or "challenge to a law or regulation as

applied to the facts of a particular case" absent a constitutional issue. 38 U.S.C. § 7292(d)(2).

This limited jurisdiction extends to our review of the Veterans Court's dismissal of a petition for a writ of mandamus. *See Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013); *see also Lamb v. Principi*, 284 F.3d 1378, 1381–82 (Fed. Cir. 2002). Specifically, we have jurisdiction "to review the [Veterans Court's] decision whether to grant a mandamus petition that raises a *non-frivolous* legal question," but we cannot "review the factual merits of the veteran's claim." *Beasley*, 709 F.3d at 1158 (emphasis added); *see also Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004) ("[W]hile we can review questions of law, we cannot review applications of law to fact.").

The Veterans Court has the authority to issue extraordinary writs in aid of its jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651(a). To obtain mandamus, the petitioner must show (1) a clear legal right to relief, (2) that there are no adequate alternative legal channels through which the petitioner may obtain that relief, and (3) that the grant of mandamus relief is appropriate under the circumstances. *See Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004); *Hargrove v. Shinseki*, 629 F.3d 1377, 1378 (Fed. Cir. 2011). But "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976) (citations omitted). The issuance of a writ of mandamus is "in large part a matter of discretion with the court to which the petition is addressed." *Id.* at 403.

B

On appeal, Mr. Davis contends that the Veterans Court abused its discretion in denying his petition. According to Mr. Davis, the court refused to address, interpret, or even identify 38 U.S.C. § 7107(a), which requires that the Board consider and decide each case it receives "in regular order according to its place upon the

docket." Mr. Davis does not allege that the Veterans Court applied the incorrect legal standard for evaluating his petition for a writ of mandamus. Rather, the essence of Mr. Davis' argument is that he has shown a clear legal right to relief because his appeal has not been considered and decided in regular order according to its place upon the docket. In other words, he contends only that the application of section 7107(a) to the facts of his case establish his entitlement to the writ. But this raises only questions of fact and the application of law to facts.

Resolution of Mr. Davis' argument does not require the interpretation of a statute or regulation. An interpretation of a statute or regulation occurs when its meaning is elaborated upon by the court. *Graves v. Principi*, 294 F.3d 1350, 1354–55 (Fed. Cir. 2002) (citing *Forshey v. Principi*, 284 F.3d 1335, 1349 (Fed. Cir. 2002) (en banc) (superseded on other grounds by statute, Pub. L. No. 107–330, § 402(a), 116 Stat. 2820, 2832 (2002))). The Veterans Court below did not elaborate on the meaning of any statute or regulation, or make a decision on a rule of law.

Although Mr. Davis argues that the Veterans Court somehow misevaluated the law by not considering section 7107(a) in its analysis, that argument does not raise a non-frivolous legal question. There is no evidence that the Veterans Court failed to consider section 7107(a) in concluding that Mr. Davis failed to establish a clear legal right to relief. In any event, consideration of section 7107(a) was unnecessary because Mr. Davis did not put forth any evidence or credible explanation supporting his belief that his appeal is not being processed according to its place on the docket. Thus, the mere invocation of section 7107(a) does not raise a non-frivolous legal question sufficient to establish this court's jurisdiction. *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (explaining that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid

of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion") (internal quotations and citations omitted).

## CONCLUSION

For the foregoing reasons, we *dismiss* this appeal for lack of jurisdiction.

## **DISMISSED**

### COSTS

No costs.