Beverly **NEHMER**; Claude Washington; Linda Wagenmakers; Robert Fazio; George Claxton; Julio Gonzales; Paul R. Jensen; William Madden; David Maier; Bruce Miller; Vietnam Veterans of America, Plaintiffs–Appellees,

v.

**VETERANS' ADMINISTRATION OF the GOVERNMENT OF the UNITED STATES, Defendant–Appellant.**

No. 01–15325.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2002.

Filed April 1, 2002.

---

Stuart E. Schiffer, Robert S. Mueller, III, United States Attorney, Washington, DC, for the defendants-appellants.

William Kanter, John. S. Koppel, Department of Justice, Washington, DC, for the defendants-appellants.

Barton F. Stichman, Louis J. George, National Veterans Legal Services Program, Washington, DC, for the plaintiffs-appellees.

Before D.W. NELSON, NOONAN and HAWKINS, Circuit Judges.

D.W. NELSON, Circuit Judge:

In this case we must interpret the requirements of a court-approved Stipulation and Order setting forth some of the United States Government's ongoing responsibili-

ties to Vietnam veterans exposed to Agent Orange. Because we agree with the district court's interpretation of the Stipulation and Order, we affirm.

### I. Facts

Agent Orange is a chemical defoliant used by the United States Armed Forces in Vietnam to clear dense jungle land during the war. It contains the toxic substance dioxin. Since its use, Agent Orange has been statistically linked with the occurrence of many diseases in those exposed, including prostate cancer. For more than fifteen years, veterans suffering from diseases they believe to have been caused by Agent Orange have struggled with the United States for compensation. *See, e.g., In Re Agent Orange Product Liability Litigation,* 818 F.2d 194 (2d Cir. 1987); *Nehmer v. United States Veterans Admin.,* 712 F.Supp. 1404 (N.D.Cal.1989) ("*Nehmer I*"); *Nehmer v. United States Veterans Admin.,* 32 F.Supp.2d 1175 (N.D.Cal.1999) ("*Nehmer II*"). Because *Nehmer I* and *Nehmer II* set forth the context for this dispute, we describe additional facts only as needed.

In 1986, veterans exposed to Agent Orange brought a class action suit against the Department of Veterans' Affairs ("VA") charging that VA had failed to comply with the "Veterans' Dioxin and Radiation Exposure Compensation Standards Act," 98 Stat. 2725 (1984), when it issued regulations governing their eligibility for disability benefits. The court held in plaintiffs' favor and voided VA's regulations, concluding that VA had applied a too-stringent standard when determining which diseases are sufficiently linked with Agent Orange to qualify a veteran for benefits. *See Nehmer I,* 712 F.Supp. at 1409.

In 1991, the parties entered into a court-approved Stipulation and Order ("Stip. & Order") setting forth VA's ongoing responsibilities for further rulemaking and disability payments to class members. *See Nehmer II,* 32 F.Supp.2d at 1177 (describing the Stip. & Order). For eleven years, the district court below has enforced compliance with the Stip. & Order and adjudicated disputes concerning its interpretation. *See, e.g., id.* at 1183.

The plaintiff class now brings a Motion for Enforcement of the Final Judgment to compel VA, under the Stip. & Order governing the case, to (1) pay retroactive benefits to veterans with prostate cancer whose initial applications for such benefits were denied under valid 1994 regulations; and (2) pay all accrued retroactive benefits owed under the Stip. & Order to the estates of deceased veterans.[1] The lower court upheld plaintiffs' interpretation of the consent decree on both issues, writing that "the VA's position amounts to little more than an expression of its desire to be relieved from part of the obligations it agreed to in 1991." VA appeals both holdings, arguing that the district court misconstrued the consent decree.

This court reviews *de novo* a district court's interpretation of a consent decree, *Gates v. Gomez,* 60 F.3d 525, 530 (9th Cir.1995), but will "give deference to the district court's interpretation based on the court's extensive oversight of the decree from the commencement of the litigation to the current appeal." *Id.* A court of appeals will uphold a district court's "reasonable" interpretation of a consent decree. *Id.* at 531.

---

1. Defendants filed a Motion for Clarification raising overlapping issues, which we consider together with Plaintiffs' motion.

## II. Discussion

Because we find the district court's interpretation of the consent decree to be reasonable, we affirm.

### A. Retroactive Benefits

■ Before 1996, VA did not acknowledge that Agent Orange causes prostate cancer. In 1994 VA issued a regulation denying such a link. Two years later, however, and upon newly discovered evidence, VA reversed its position and deemed prostate cancer to be "service connected," i.e. sufficiently linked with Agent Orange to qualify an ailing veteran for disability benefits.

VA argues that it is not required to pay retroactive prostate cancer benefits (accruing, in most cases, back to the date of the veteran's first claim for such benefits) to any veteran suffering from prostate cancer whose earlier claim was denied under the valid 1994 regulations. The district court, having overseen the case since its inception and relying on the plain language of the Stip. & Order, disagreed.

A central component of the Stip. & Order provides for payment of retroactive benefits to any class member [2] suffering from a disease that is service-connected to Agent Orange under the Agent Orange Act of 1991 (which established new standards for service connecting diseases). *See* 38 U.S.C. § 1116(b). Paragraph 3 of the Stip. & Order states that,

> [a]s soon as a final rule is issued service connecting, based on dioxin exposure, any ... disease which may be service connected in the future pursuant to the Agent Orange Act of 1991, the VA shall promptly thereafter readjudicate all claims for any such disease which were

voided by the Court's order of May 3, 1989, as well as adjudicate all similar claims *filed subsequent to the Court's May 3, 1989 Order.* (Citation omitted & emphasis added.)

The last sentence of paragraph 5 of the Stip. & Order sets forth the effective date to be assigned such claims and provides for retroactive benefits dating back (in most cases) to the first date the claim was filed:

> For any claim for [any disease later service-connected under the Agent Orange Act] which was not filed *until after May 3, 1989,* the effective date for beginning disability compensation or DIC will be the date the claim was filed or the date the claimant became disabled or death occurred, whichever is later. (Emphasis added.)

Examining these two provisions, the district court held that the consent decree requires VA to provide retroactive benefits to any class member who submitted a claim after May 3, 1989, based on a disease that is later service connected under the Agent Orange Act. "[A]t whatever point the VA service connects a disease to [Agent Orange], the VA then becomes responsible for adjudicating the claim and applying an effective date as of the time the claim was filed." As plaintiffs argue and the district court agreed, these provisions cover veterans who applied for benefits anytime after 1989, even if such veterans' claims were originally denied under valid regulations.

We reject VA's attempt to read the stipulation as distinguishing between those claimants who filed for benefits before valid regulations were promulgated, and those who filed after. The plain language

---

**2.** The veterans at issue, those whose claims were denied under valid 1994 regulations, are unquestionably members of the class certified in *Nehmer I. See Nehmer v. United States Veterans Admin.,* 118 F.R.D. 113, 116, 125 (N.D.Cal.1987).

and remedial purpose of the consent decree indicate that VA agreed to pay retroactive benefits to all claimants whose claims were filed after 1989, if and when the disease from which they suffer is service connected under the Agent Orange Act. Such an agreement not only comports with the language of Paragraphs 3 and 5, it serves the remedial purpose of the consent decree by helping ensure that any delay in the effort to determine Agent Orange's devastating effects, due to VA's issuance and defense of its earlier invalid regulations, shall not be borne by ailing veterans.

We also agree with the district court that the Stip. & Order's variance between "adjudication" and "readjudication" does not require the result VA seeks. The terms "adjudicate" and "readjudicate" are used interchangeably in the Stip. & Order. If the parties had intended these words to have the mutually exclusive meanings argued for by VA, they would have been more careful in their drafting.

We find the VA's remaining arguments insufficient to rebut the plain language of the consent decree, and therefore hold that the Stip. & Order requires retroactive payments as described by the district court.[3]

### B. Benefits due to estates of deceased claimants

■ VA argues that it need not pay to the estates of deceased veterans all accrued retroactive benefits owed to the veterans under the Stip. & Order. Instead, VA contends that its duty to pay accrued retroactive benefits to estates is restricted by 38 U.S.C. § 5121(a). That statute limits the payment of accrued benefits, upon a

veteran's death, to amounts due and unpaid for a period "not to exceed two years" prior to the veteran's death. *Id.* Thus, the VA asserts that a veteran's claim to retroactive benefits dies with him, except as to benefits owed stemming from the two years before his death. The district court below explained the import of this argument:

> For those veterans who die shortly after receipt of a VA decision awarding them retroactive benefits, and before the check is mailed, section 5121 limits the amount a surviving family member may receive to the period covering the last two years prior to the veteran's death. If the benefits fall within the two year period and go back further as well, all amounts attributed to the period beyond two years from death are withheld. If retroactive benefits owed to a veteran at the time of death relate entirely to a period ending more than two years prior to death, none of the benefits owed to the veteran will be paid to the veteran's estate.

VA argues it is without power to enter into an agreement to pay more benefits to estates than permitted by 38 U.S.C. § 5121. We agree with the district court, however, that an equitable exception to § 5121's two-year rule authorizes payments such as those agreed to by VA in the consent decree. *See* 38 U.S.C. § 503. Section 503 states that in the case of an administrative error, "the Secretary may provide such relief . . . as the Secretary determines equitable," including payments to any person. 38 U.S.C. § 503(a). Such broad powers encompass the awards agreed to in the Stip. & Order. We note

---

3. We note that the district court was careful to prescribe temporal limits on the effect of the consent decree, with which we agree: "The Court notes that the Stip. & Order is not therefore boundless. The [Agent Orange] Act

expires in 2003. *See* 38 U.S.C. § 1116(e). The retroactive benefit provisions of the Stip. & Order are expressly tied to the Act so that initial claims filed after 2003 will fall outside the scope of the Stip. & Order."

that VA did not raise below its argument that § 503 cannot apply because the Secretary did not personally approve of the Stip. & Order.[4] It is therefore waived, and we will not consider it. *See Janes v. Wal-Mart Stores Inc.,* 279 F.3d 883, 888 (9th Cir.2002).

The order of the district court is AFFIRMED.

---

**4.** After careful review of the underlying record, we have been unable to find reference to this argument before the district court.