Deborah Taylor GOLDEN; et al., Plaintiffs—Appellants,

v.

LOCAL 63 PACIFIC MARITIME ASSOCIATION INTERNATIONAL LONGSHOREMEN'S & WAREHOUSE UNION INTERNATIONAL LONGSHOREMENS UNION; et al., Defendants—Appellees,

Michael MOSICH; et al., Defendant–Intervenors—Appellees.

No. 02–57174.

D.C. No. CV–80–04770–RMT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 1, 2004.

Decided April 30, 2004.

Michelle A. Reinglass, Esq., Laguna Hills, CA, Walter Cochran–Bond, Esq., Cochran–Bond Law Offices, Jonathan Biddle, Law Offices of Jonathan W. Biddle, Los Angeles, CA, for Plaintiffs–Appellants.

Robert Steven Remar, Esq., Beth A. Ross, Esq., Leonard, Carder, Nathan, Zuckerman, Ross, Chin & Remar, San Francisco, CA, David A. Cathcart, Esq., Gibson Dunn & Crutcher LLP, Los Angeles, CA, Marc Allen Coleman, Long Beach, CA, William J. Kilberg, Esq., William M. Jay, Esq., Gibson, Dunn & Crutcher, Washington, DC, for Defendants–Appellees.

Before BOOCHEVER, MAGILL,* and CALLAHAN, Circuit Judges.

MEMORANDUM **

In 1998, plaintiffs moved for a contempt citation against certain defendants. Plaintiffs accused the defendants of concealing

---

6. See *Partington v. Gedan*, 961 F.2d 852, 862 (9th Cir.1992).

* The Honorable Frank J. Magill, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publi-

the fact that certain male-dominated classes of workers had not been counted in computing compliance with a consent decree entered by the parties in 1983, and in securing a general release from plaintiffs in 1989. The district court denied the plaintiffs' motion, and they appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Generally, we review a district court's decision on a motion for contempt for abuse of discretion, and affirm the underlying factual findings in the absence of some clear error. *See FTC v. Affordable Media,* 179 F.3d 1228, 1239 (9th Cir.1999). Likewise, where a district court decides whether a settlement agreement bars certain claims in light of the prior and current litigation, we "give great deference to the district court and reverse only for clear error." *Petro–Ventures, Inc. v. Takessian,* 967 F.2d 1337, 1340 (9th Cir.1992). Questions concerning a district court's interpretation of a consent decree are reviewed *de novo,* but deference to the district court's construction is appropriate when the district judge exercised "extensive oversight of the decree from the commencement of the litigation to the current appeal." *Nehmer v. Veterans Admin. of the United States,* 284 F.3d 1158, 1160 (9th Cir.2002) (quotations omitted).

After considering the litigation history, the district court here determined that the 1989 general release barred the plaintiffs' claims of contempt. We are not persuaded that the district court's conclusion on this point was clearly erroneous, nor can we say that permitting rescission of the general release would be equitable.

Even if the general release did not waive plaintiffs' claims regarding the alleged miscounting of mechanics or permis-

cation and may not be cited to or by the courts of this circuit except as provided by

sive-rule registrants after 1989, plaintiffs have failed to meet their heightened burden of showing that the defendants' interpretation of the consent decree was unreasonable. *See Go–Video, Inc., v. Motion Picture Ass'n of Am.,* 10 F.3d 693, 695 (9th Cir.1993). Indeed, it would be less than rational to expect defendants to regulate the gender percentages of longshore worker registrants if the ratio could be impacted by decisions over which the defendants have no control. Finally, plaintiffs have waived or abandoned arguments challenging the district court's findings regarding the Bowers class by not including such arguments in their opening brief. *See Kohler v. Inter–Tel Techs.,* 244 F.3d 1167, 1182 (9th Cir.2001); *Paciulan v. George,* 229 F.3d 1226, 1230 (9th Cir.2000).

AFFIRMED.