Citation Nr: 1801833 
Decision Date: 01/10/18 Archive Date: 01/23/18

DOCKET NO. 16-60 885 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Entitlement to an effective date prior to September 15, 2009, for the grant of service connection for type II diabetes mellitus. 

2. Entitlement to an effective date prior to September 15, 2009, for the grant of special monthly compensation based on loss of use of a creative organ. 


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

R. R. Watkins, Associate Counsel


INTRODUCTION

The Veteran served on active duty from June 1959 to October 1962, March 1964 to April 1968 and January 1972 to January 1976.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a rating decision issued in February 2016 by the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma, which granted service connection for type II diabetes mellitus and special monthly compensation based on loss of use, effective September 15, 2009.

In October 2017, the Veteran testified at a Board videoconference before the undersigned. A transcript of the proceeding has been associated with the record.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. The Appellant's claim for service connection for type II diabetes mellitus was received by the VA on September 15, 2009.

2. In a February 2016 rating decision, the RO granted service connection for type II diabetes mellitus and awarded special monthly compensation based on loss of use of a creative organ due to the type II diabetes mellitus, effective September 15, 2009.



CONCLUSIONS OF LAW

1. The criteria for an effective date prior to September 15, 2009, for the grant of service connection for type II diabetes mellitus have not been met. 38 U.S.C. 
§§ 5103, 5103A, 5110(d), 7104 (2012); 38 C.F.R. §§ 3.5, 3.152, 3.400(c)(2) (2017).

2. The criteria for an effective date prior to September 15, 2009, for the grant of special monthly compensation based on loss of use of a creative organ have not been met. 38 U.S.C. §§ 5103, 5103A, 5110(d), 7104 (2012); 38 C.F.R. §§ 3.5, 3.152, 3.400(c)(2) (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance in substantiating their claims. See 38 U.S.C. §§ 5102, 5103, 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2017). However, where service connection has been granted and an initial disability rating and effective date have been assigned, the typical service connection claim has been more than substantiated, it has been proven. In such cases, the intended purpose of the VCAA notice has been fulfilled and no additional notice is required as to downstream issues, including the effective date. Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112 (2007). 

Here, the appeal arises from Veteran's disagreement with the effective dates assigned following the grants of benefits. The Veteran was provided notice and assistance in substantiating his claims. There has not been any prejudice as a result of any possible notice defects. No further notice or assistance is necessary.


 Earlier Effective Date

The Veteran contends that he should be awarded effective dates prior to September 15, 2009, for the grants of service connection for type II diabetes mellitus and special monthly compensation based on loss of use of a creative organ. Specifically, he asserts that he is entitled to an effective date of June 24, 2004, the date of his first claim for VA benefits.

In general, the effective date of an award of pension, compensation, or DIC based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of the receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400. 

Additionally, when VA or an adjudicative body passes a liberalizing law and compensation is granted, a claimant may receive a retroactive effective date prior to the date he would be entitled under the above rules. 38 C.F.R. § 3.114 (2017). If a claim is reviewed at the request of a claimant more than one year after the effective date of a liberalizing law, benefits may be authorized for a period of one year prior to the date of the request. Id. 

A "claim" is defined broadly to include a formal or informal communication, in writing, requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1(p) (2017); Brannon v. West, 12 Vet. App. 32, 34-35 (1998). Any communication indicating intent to apply for a benefit under the laws administered by the VA may be considered an informal claim provided it identifies, but not necessarily with specificity, the benefit sought. 38 C.F.R. § 3.155(a) (prior to March 24, 2015). The date of an informal claim may be used as the effective date if a formal claim is filed within one year of that date. Id. To determine when a claim was received, the Board must review all communications in the claims file that may be construed as an application or claim. See Quarles v. Derwinski, 3 Vet. App. 129, 134 (1992).

With respect to earlier effective date claims for diseases presumed to be caused by herbicide agent's exposure, VA has issued special regulations. See 38 C.F.R. 
§ 3.816 (2017); see also Nehmer v. Veterans Admin. of the Gov't of the U. S., 284 F.3d 1158 (9th Cir. 2002), aff'd sub nom., Nehmer v. U.S. Veterans Admin., 32 F.Supp.2d 1175 (N.D. Cal. 1999) and 712 F.Supp. 1404 (N.D. Cal. 1989). A Nehmer class member is identified as a Vietnam Veteran who has a covered herbicide-related disease. 38 C.F.R. § 3.816 (b)(1)(i). The term "covered herbicide disease" includes type II diabetes mellitus. 38 C.F.R. § 3.816 (b)(2)(i). 

The regulation provides for situations where the effective date can be earlier than the date of the liberalizing law, assuming a "class member" has been granted compensation from a covered herbicide disease. Either (1) VA denied compensation for the same covered herbicide disease in a decision issued between September 25, 1985 and May 3, 1989; or, (2) the class member's claim for disability compensation for the covered herbicide disease was either pending before VA on May 3, 1989, or was received by VA between May 3, 1989 and the effective date of the statute or regulations establishing a presumption of service connection for the covered disease.

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, all reasonable doubt will be resolved in favor of the claimant. 38 U.S.C. § 5107.

On June 24, 2004, the Veteran filed claims of entitlement to service connection for a skin condition, posttraumatic stress disorder, a lung disability, a heart disability, a back disability, and syncope. These claims were denied in a November 2004 rating decision. Notably, the June 2004 VA Form 21-526, Veteran's Application for Compensation or Pension did not include any references to diabetes. 

There is no subsequent request from the Veteran for service connection until September 15, 2009, when VA received another VA Form 21-526 for service connection for back pain and type II diabetes mellitus. The Veteran wrote that he was diagnosed with type II diabetes mellitus on July 25, 2005. To the extent that the Veteran asserts that he intended to file a claim for service connection for type II diabetes mellitus in his June 24, 2004, claim, the Board finds that this assertion is not credible. In his September 15, 2009, claim, the Veteran specifically noted that he was diagnosed with type II diabetes after his last VA claim that was received on June 24, 2004. In a February 2016 rating decision, the RO granted service connection for type II diabetes mellitus and awarded special monthly compensation based on loss of use due to the type II diabetes mellitus, effective September 15, 2009, the date that his claim for service connection for diabetes was received. 

As show above, VA did not receive any claim for service connection for diabetes mellitus until September 15, 2009. Thus, the Veteran is not entitled to an effective date under 38 C.F.R. § 3.816.

Because the Veteran is not entitled to an effective date under 38 C.F.R. § 3.816, the date of award of service connection is determined according to 38 C.F.R. § 3.114 or 38 C.F.R. § 3.400 .

Service connection for type II diabetes mellitus was granted based upon a statutory presumptive connection between type II diabetes mellitus and herbicide agents exposure during the Veteran's military service in the Republic of Vietnam (Vietnam) during the Vietnam War. See 38 C.F.R. §§ 3.307, 3.309 (2017). 

Under 38 C.F.R. § 3.114(a)(3), if a claim is reviewed at the request of the claimant more than 1 year after the effective date of the law or VA issue, benefits may be authorized for a period of 1 year prior to the date of receipt of such request. In the present case, the claim was received more than one year after the effective date of the liberalizing law. In McCay v. Brown, 106 F.3d 1577, 1580 (Fed. Cir. 1997); however, the United States Court of Appeals for the Federal Circuit (Federal Circuit) determined that the statutory authority to grant benefits one year prior to "the date of the claim or administrative determination of entitlement" can only refer to those cases in which the veteran had previously filed a claim which had been decided against the veteran. Id. at 1580. In this case, there was no pending claim of record at the time of the June 1994 liberalizing law. Therefore, the effective dates of the grant of service connection for type II diabetes mellitus and special monthly compensation based on loss of use is governed by 38 C.F.R. § 3.400.

Based on the record, VA did not receive a claim from the Veteran pertaining to his type II diabetes mellitus or special monthly compensation until September 15, 2009. Accordingly, effective dates prior to September 15, 2009, for the grants of service connection for type II diabetes mellitus and special monthly compensation based on loss of use is not warranted. 38 C.F.R. §§ 3.114, 3.400. The claims are denied.


ORDER

An effective date prior to September 15, 2009, for the grant of service connection for type II diabetes mellitus is denied.

An effective date prior to September 15, 2009, for the grant of special monthly compensation based on loss of use is denied.




____________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs