NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EUGENE GABRIELLI,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1505

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-5507, Judge Coral Wong Pietsch.

---

Decided: June 13, 2024

---

CHRIS ATTIG, Attig Curran Steel PLLC, Little Rock, AR, argued for claimant-appellant. Also represented by JONATHAN HEIDEN, HALEY SMITH.

ROBERT R. KIEPURA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY; CHRISTOPHER O. ADELOYE, BRIAN

D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before LOURIE, BRYSON, and STARK, *Circuit Judges*.

STARK, *Circuit Judge*.

Eugene Gabrielli's claim for disability benefits relating to exposure to Agent Orange was denied by the Department of Veterans Affairs ("VA") and the Board of Veterans' Appeals ("Board"). While his appeal to the Court of Veterans Claims ("Veterans Court") was pending, Mr. Gabrielli passed away. Mr. Gabrielli's adult daughter, Danielle Worthy, moved to be substituted for her father, which the Secretary of Veterans Affairs opposed. The Veterans Court denied substitution and dismissed the appeal for lack of jurisdiction. Ms. Worthy then appealed to us. As the case proceeded, we recognized a potential jurisdictional issue and requested supplemental briefing on whether Ms. Worthy needed to be substituted for her father on appeal, and whether the notice of appeal was deficient. The Supreme Court then issued an opinion in *Harrow v. Department of Defense*, 601 U.S. ___, 144 S. Ct. 1178 (2024), and we requested additional briefing on whether potential defects in the notice of appeal are jurisdictional. Having considered all of this briefing and the multitude of issues addressed, we conclude that the notice of appeal filed in this case did not name the real party in interest, Ms. Worthy. Therefore, we dismiss.

I

Eugene Gabrielli served in the United States Army from 1968 to 1970, during the Vietnam War. Mr. Gabrielli was never stationed in Vietnam, although he was stationed at times in South Korea. In 2006, Mr. Gabrielli filed a claim for disability benefits based on his peripheral neuropathy, which he alleged was caused by exposure to Agent Orange in South Korea. A VA regional office denied his

claim. He then filed claims for obstructive sleep apnea, ischemic heart disease, and a sleep condition, while continuing to request that the VA reopen his peripheral neuropathy claim. The VA denied the new claims and refused to reopen the peripheral neuropathy claim. Gabrielli then appealed to the Board, which again denied the peripheral neuropathy claim.

Mr. Gabrielli filed an appeal in the Veterans Court on August 14, 2019. In the course of the appeal, the Secretary conceded that "the Board's denial of entitlement to direct service connection for bilateral upper and lower extremity peripheral neuropathy was not supported by an adequate statement of reasons or bases." Based on the record before it, the Veterans Court determined that herbicides were used in locations where Mr. Gabrielli had been during his deployment and concluded that the Board had erred in its consideration of the evidence relating to the neuropathy and other claims. It also found that the Board had failed to apply the correct standard of proof or to make appropriate evidentiary findings. Thus, on December 23, 2020, the Veterans Court vacated the Board's decision and remanded for further proceedings.

On January 8, 2021, the Veterans Court received notice that Mr. Gabrielli had died a month earlier, on December 9, 2020. The court issued a notice to show cause why the appeal should not be dismissed. In response, Mr. Gabrielli's counsel filed a motion to substitute Mr. Gabrielli's adult daughter, Ms. Worthy, as appellant. The Secretary opposed the motion. On August 26, 2021, while the motion to substitute was pending, Ms. Worthy filed a separate claim for accrued benefits, which was denied by a VA regional office on September 1, 2021.[1]

---

[1]    In response to questioning at oral argument, Ms. Worthy's counsel conceded that nothing precludes Ms.

In opposing Ms. Worthy's motion to substitute, the Secretary argued that she was not an eligible substitute claimant under 38 U.S.C. §§ 5121 and 5121A, because she is a non-dependent adult child of a veteran. *See Sucic v. Wilkie*, 921 F.3d 1095, 1099 (Fed. Cir. 2019) ("We agree with the Secretary that the term '[t]he veteran's children' used in § 5121(a)(2)(B) clearly and unambiguously excludes [the veteran's] non-dependent, adult children."). Ms. Worthy countered that while she was not eligible to be substituted under the literal terms of these statutes, she was nevertheless an eligible substitute appellant because Mr. Gabrielli was a member of a class certified in *Nehmer v. U.S. Veterans' Administration*, 118 F.R.D. 113, 116 (N.D. Cal. 1987), a case that resulted in a consent decree by which the Secretary agreed to pay certain accrued benefits that were not compelled by § 5121. She relied on decisions of the District Court for the Northern District of California and the Ninth Circuit which, she contended, held that the terms of the *Nehmer* consent decree were not limited by § 5121, given the Secretary's broad power under 38 U.S.C. § 503 to provide equitable relief outside the confines of other statutes.

The Veterans Court disagreed with Ms. Worthy's contentions. It found she was not an eligible substitute claimant because she did "not persuasively argue that the *Nehmer* consent decree alters section 5121(a), which provides an exhaustive list defining who is eligible to file a claim for accrued benefits, or § 5121A, defining who is eligible to be substituted for a claimant." The Veterans Court denied the motion to substitute, withdrew its December 23,

---

Worthy from returning to the VA and continuing to pursue her claim. However, counsel responded that Ms. Worthy prefers to litigate based on the record Mr. Gabrielli developed over many years. Oral Argument at 5:39-7:27, available at https://cafc.uscourts.gov/01-09-2024-2022-1505-gabrielli-v-mcdonough-audio-uploaded/.

2020 remand decision, vacated the Board's prior decision, and dismissed the appeal.

The judgment of the Veterans Court was timely appealed in a notice of appeal that listed only Mr. Gabrielli as the appellant. At oral argument, we asked the parties whether we had a proper appellant before us. Thereafter, Ms. Worthy filed a post-argument motion to substitute as appellant here. The government opposed. In reviewing those motions, the panel requested further briefing on the proper appellant and whether Federal Rule of Appellate Procedure 3(c) dictates that the party appealing be named in the notice of appeal. After we received that briefing, the Supreme Court issued an opinion in *Harrow*, 144 S. Ct. at 1182, 1186, ruling that certain statutes directed to agency appeals are not jurisdictional in the absence of clear, mandatory language. The panel requested and received supplemental briefing from the government on whether *Harrow* impacts the analysis of whether Rule 3(c) is jurisdictional here.

## II

The government contends that the Veterans Court lacked jurisdiction to decide the substitution motion and that we lack jurisdiction over this appeal. We disagree with regard to the Veterans Court's jurisdiction but agree as to our own.

## A

The government argues that the Veterans Court lacked jurisdiction to determine whether Ms. Worthy was an eligible substitute claimant under the *Nehmer* consent decree. The government reasons that the Veterans Court only has jurisdiction over final decisions of the Board, *see* 38 U.S.C. § 7252, and the question of whether Mr. Gabrielli was a *Nehmer* class member was not raised before the Board, so the Veterans Court lacked jurisdiction over the

issue Ms. Worthy wanted to substitute in to litigate. We disagree.

As we explained in *Reeves v. Shinseki*, "Congress has deemed it both unfair and inefficient to require an accrued-benefits claimant to restart the claims process after a veteran's death." 682 F.3d 988, 997 (Fed. Cir. 2012) (internal quotation marks omitted).[2] Accordingly, we held in *Reeves* that "there is no continuing justification for refusing to allow an appropriate accrued-benefits claimant to be substituted for a veteran who dies while his appeal is pending before this court." *Id.* at 996, 997. Thus, in cases, such as the one before us today, in which the question of whether a claimant is an "appropriate" claimant presents a question of law, the issue may be raised in the Veterans Court even if it was not first presented to the Board. *See Sucic*, 921 F.3d at 1101 ("Because the status of a potential substitute is not static, eligibility to substitute can be conclusively determined only at the time of the claimant's death . . . ."); *see also* 38 U.S.C. § 5121A ("Any person seeking to be substituted for the claimant shall present evidence of the right to claim such status within such time as prescribed by the Secretary in regulations.").[3] This is consistent with the

---

[2]   *Superseded by statute on other grounds as stated in Merritt v. Wilkie*, 965 F.3d 1357, 1361 (Fed. Cir. 2020).

[3]   When substitution is sought in the Veterans Court, the court must "obtain from the Secretary a determination as to whether a particular movant is an eligible accrued-benefits claimant . . . [and] may remand the question of whether a person qualifies as an accrued benefits claimant, stay the appeal until a determination by VA is made, or direct the Secretary to inform the Court of his determination within a set period of time." *Breedlove v. Shinseki*, 24 Vet. App. 7, 20-21 (2010). Where there are disputed questions of fact, the Veterans Court will not make findings of

Veterans Court's Rules, specifically U.S. Vet. App. R. 43(a)(2), which provides: "[i]f a party dies after a Notice of Appeal is filed or while a proceeding is pending in the [Veterans] Court, the personal representative of the deceased party's estate or any other appropriate person may, to the extent permitted by law, be substituted as a party on motion by such person."

The Veterans Court appropriately exercised its discretion under Rule 43(a)(2) to determine whether Ms. Worthy was a proper party to substitute for her father. Consistent with our holding in *Reeves*, it was not necessary for the Veterans Court to remand to the Board to decide the substitution question in the first instance.

B

The government additionally contends that we lack jurisdiction because this appeal involves solely the application of law to fact. We are not persuaded by the government's characterization.

Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." We must "hold unlawful and set aside any regulation or any interpretation thereof (other than a determination as to a factual matter) that was relied upon in the decision" of the Veterans Court that we find to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 38 U.S.C. § 7292(d)(1). We may not, however, review factual determinations or applications of law to the facts of a particular case. *See* § 7292(d)(2) (providing that

---

fact in the first instance, 38 U.S.C. § 7261, but may remand, stay, or "deny substitution, vacating the Board decision and dismissing the appeal." *Id.* at 21.

except for constitutional issues, "the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case").

As we explain further below, Ms. Worthy's appeal presents the question of whether issue preclusion should have prevented the Veterans Court from denying her motion to substitute. This presents a question of law – not an application of law to fact. *SynQor, Inc v. Vicor Corp.*, 988 F.3d 1341, 1347 (Fed. Cir. 2021) ("The application of issue preclusion presents a question of law that we review de novo."). Moreover, to the extent we are required to review the Veterans Court's interpretation of the *Nehmer* consent order and that order's impact on 38 U.S.C. § 5121, these, too, are questions of law within the scope of our jurisdiction under 38 U.S.C. § 7292(a).

C

However, during the course of our review of this appeal, we discerned another potential jurisdictional defect, which we today hold is dispositive. This concerns the notice of appeal that was filed by Mr. Gabrielli's counsel after Mr. Gabrielli passed away. We conclude that the notice of appeal was deficient because it fails to "specify the party or parties taking the appeal by naming each one in the caption or body of the notice."[4] Fed. R. App. P. 3(c)(1)(A); *see*

---

[4]    In this appeal, Ms. Worthy seeks to recover accrued benefits due to her father, Mr. Gabrielli, at the time of his death, as a next-of-kin. *See* ECF No. 60 ("Ms. Worthy seeks accrued benefits in relation to the claims and appeals open and pending at the death of her father, Mr. Eugene Gabrielli. Ms. Worthy does not seek dependency and indemnity compensation ('DIC'), and does not seek recovery for funeral expenses."). Because Ms. Worthy does not seek

*also* 38 U.S.C. § 7292(a) (holding that notice of appeal filed with the Veterans Court must comply with Federal Rules of Appellate Procedure).  We further determine that this defect is jurisdictional.

We may raise questions regarding our jurisdiction *sua sponte.  See, e.g., Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("[E]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede it.") (internal quotation marks omitted).  The Supreme Court has held that the requirements set out in Federal Rules of Appellate Procedure 3 and 4, governing the contents of a notice of appeal and the time for filing, respectively, are jurisdictional. *Torres v. Oakland Scavenger*, 487 U.S. 312, 315 (1988).  "[A]lthough a court may construe the Rules liberally in determining whether they have been complied with, it may not waive the jurisdictional requirements of Rules 3 and 4, even for 'good cause shown' under Rule 2, if it finds that they have not been met." *Id.* at 317.

The strictness of the notice of appeal requirements is illustrated in the circumstances of *Torres*.  There the Supreme Court observed that even though the defendant, the federal government, had actual knowledge that Torres was appealing along with the 15 other intervenors, the notice of appeal was jurisdictionally deficient because it named only the other intervenors –  and, importantly, *not* Torres. *See id.* at 317 n.3.  The Supreme Court held that failure to include information required by Rule 3 meant the notice of appeal violated mandatory requirements of Rule 4, stating: "Permitting courts to exercise jurisdiction over unnamed parties after the time for filing a notice of appeal has passed is equivalent to permitting courts to extend the time

---

recovery on behalf of Mr. Gabrielli's estate, she is the real party in interest. *See, e.g., Reeves*, 682 F. 3d at 993-94.

for filing a notice of appeal." *Id.* at 315; *see also Smith v. Barry*, 502 U.S. 244, 248-49 (1992) ("Although courts should construe Rule 3 liberally when determining whether it has been complied with, noncompliance is fatal to an appeal.").

As Ms. Worthy points out, Rule 3(c) was changed in 1993, subsequent to the rulings in *Torres* and *Smith*. But it was changed to address the situation in which multiple parties are appealing, to establish that language in a notice of appeal such as "all plaintiffs" or "et al." may be sufficient to identify appellants. *See* Fed. R. App. P. 3 Advisory Committee's Notes to 1993 Amendment ("[T]he amendment allows an attorney representing more than one party the flexibility to indicate which parties are appealing without naming them individually."); Fed. R. App. P. 3 ("[B]ut an attorney representing more than one party may describe those parties with such terms as 'all plaintiffs,' 'the defendants,' 'the plaintiffs A, B, et al.,' or 'all defendants except X.'"). Amended Rule 3(c) does not, however, modify the requirement that the appealing parties *must be named* in the notice, it only adds flexibility as to *how* they may be named.

Our opinion in *Adams v. United States*, 471 F.3d 1321, 1324 (Fed. Cir. 2006), confirms this understanding. In *Adams*, the notice of appeal listed "6,610 individual appellants" but without naming the individuals. *Id.* We held that the notice complied with the amended Rule 3(c), in part due to the later filing of a list that resolved any ambiguity as to the identity of the 6,610 individuals. We concluded that the individual appellants were named and accorded flexibility as to how they were named, consistent with the Rules.

The situation here is different. Here, although there was "more than one party" filing the appeal, Mr. Gabrielli and Ms. Worthy, only Mr. Gabrielli was named in the notice of appeal. Ms. Worthy is not named in the caption, nor the body, of the notice. There is simply no indication

whatsoever in the notice of appeal that Ms. Worthy, the only individual now affected by the Veterans Court's judgment, is an appellant. Ms. Worthy needed to have been named in the notice of appeal. *See Billino v. Citibank, N.A.*, 123 F.3d 723, 725 (2d Cir. 1997) (holding that where widow was only real party in interest appealing judgment of her late husband, Rule 3(c) required appeal to be filed in her name); *see also Durr v. Nicholson*, 400 F.3d 1375, 1381-82 (Fed. Cir. 2005) (noting Federal Rules of Appellate Procedure "requirements of naming the appellant and designating the decision appealed from").

The failure to name Ms. Worthy as appellant in the notice of appeal is a jurisdictional defect. This is true notwithstanding the Supreme Court's very recent decision in *Harrow*. In *Harrow*, 144 S. Ct. at 1182, 1186, the Supreme Court held that the 60-day requirement for filing appeals to this court from the Merit Systems Protection Board is not jurisdictional. In doing so, the Supreme Court explained that timing provisions relating to non-Article III courts are generally not jurisdictional, in the absence of "a clear statement" from Congress. *Id.* at 1183.

The Veterans Court is not an Article III court but, instead, "an Article I tribunal." *Henderson v. Shinseki*, 562 US 428, 432 (2011) Therefore, the holding of *Harrow* is presumptively applicable to the application of the Federal Rules of Appellate Procedure 3 and 4, which is made applicable to appeals from the Board to the Veterans Court by 28 U.S.C. § 7292(a). However, the Supreme Court has previously addressed § 7292, and particularly its provision that "Federal Circuit review must be obtained 'within the time and in the manner prescribed for appeal to United States courts of appeals from United States district courts.'" *Henderson*, 562 U.S. at 438. In *Henderson*, the Supreme Court explained that "[b]ecause the time for taking an appeal from a district court to a court of appeals in a civil case has long been understood to be jurisdictional, this language [in § 7292] clearly signals an intent to impose

the same restrictions on appeals from the Veterans Court to the Federal Circuit." *Id.* at 438-39 (internal citation omitted). Appeals from the Veterans Court to our court are, therefore, subject to the same jurisdictional rules that apply to appeals from district courts to our court. Because Rules 3 and 4 are jurisdictional with respect to appeals from district courts, they are jurisdictional for appeals from the Veterans Court.

Therefore, the failure of the notice of appeal in this case to comply with Rule 3's requirement that Ms. Worthy, as the only real-party-in-interest appellant, be named in the notice is a jurisdictional defect. Therefore, we have no discretion to excuse her defective notice of appeal and we lack jurisdiction over her appeal.

## III

We do have some discretion to share with Ms. Worthy – whose now-deceased father's claim had been found meritorious by the Veterans Court, and who has extensively briefed the issues on appeal and patiently awaited our decision – our view that, even if we had jurisdiction, she would not prevail on the merits. *See generally Merritt*, 965 F.3d at 1360 ("Even if we assume that Mrs. Merritt was the surviving spouse and has therefore properly substituted herself under Federal Rule of Appellate Procedure 43(a)(1), that substitution does not itself grant entitlement."). Her issue preclusion argument fails because the issue before the Veterans Court was not "identical" to the issue decided by the Ninth Circuit in *Nehmer v. Veterans' Administration of Government of United States*, 284 F.3d 1158 (9th Cir. 2002).

In *Nehmer*, 284 F.3d at 1162, the Ninth Circuit was asked whether specific language in a consent order applying to "all accrued retroactive benefits" modified the language in § 5121 which provided (at that time) that benefits due to substitute claimants are only those due and unpaid for a period "not to exceed two years" before the veteran's

death. The Ninth Circuit found that the consent order language bound the Secretary to allow retroactive claims for periods longer than the statutorily prescribed two years, based on the Secretary's authority to grant broad relief. *See id.* at 1162-63 (citing 38 U.S.C. § 503). The Veterans Court, by contrast, had to determine whether Ms. Worthy, who is not a "child" within the meaning of that term under § 5121, may still be substituted as appellant under § 5121A by virtue of the *Nehmer* consent order. While the Ninth Circuit addressed whether the *Nehmer* consent decree was a proper exercise of the Secretary's discretion to award retroactive benefits to certain accrued-benefits claimants, the Veterans Court had to decide here whether that consent decree somehow expanded the statutory definition of who may qualify as an accrued-benefits claimant. These are meaningfully distinct inquiries, rendering the issue decided by the Ninth Circuit anything but "identical" to the issue presented to the Veterans Court, thereby making application of issue preclusion unwarranted.

"[I]t is the identity of the *issues* that were litigated that determines whether collateral estoppel should apply." *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013). These issues – whether retroactive benefits granted under the *Nehmer* consent decree could exceed the two-year limitation imposed by § 5121, addressed by the Ninth Circuit, and whether the list of eligible claimants in § 5121(a) and who may be substituted in § 5121A are expanded by the *Nehmer* consent decree, addressed here by the Veterans Court – are not identical. The two cases deal with entirely different language in both the consent order and the relevant statutes.

14                                                    GABRIELLI v. MCDONOUGH

Given the lack of identity of the issues, issue preclusion does not apply.[5]

## IV

We have considered Ms. Worthy's other arguments and find them unpersuasive. For the reasons stated above, we dismiss.

**DISMISSED**

Costs

No costs.

---

[5]   Nor are the interests of comity implicated, since the issue the Ninth Circuit decided is not the same one presented to the Veterans Court or us in this appeal.