NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**ELVEN J. SWISHER,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2018-2268

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-4032, Judge Margaret C. Bartley.

———————————

Decided: January 16, 2019

———————————

ELVEN J. SWISHER, Cottonwood, ID, pro se.

VITO SALVATORE SOLITRO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; CHRISTOPHER O. ADELOYE, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

—————————————————

Before REYNA, SCHALL, and HUGHES, *Circuit Judges.*

PER CURIAM.

Elven J. Swisher appeals from a decision of the United States Court of Appeals for Veterans Claims affirming-in-part and dismissing-in-part a decision of the Board of Veterans' Appeals upholding a reduction in disability rating for bilateral hearing loss and a severance of service connection for post-traumatic stress disorder ("PTSD"). We affirm the severance of service connection for PTSD because Mr. Swisher's due process rights were not violated and dismiss the remainder of the appeal for lack of jurisdiction.

## BACKGROUND

Mr. Swisher served in the United States Marine Corps from August 1954 to August 1957. Mr. Swisher's certificate of discharge from active duty—form DD-214—showed that he did not receive any military decorations during service or incur any wounds as a result of enemy combat.

In 2001, Mr. Swisher sought service connection for bilateral hearing loss and PTSD. The Department of Veterans Affairs ("VA") granted Mr. Swisher's claim for bilateral hearing loss, assessing a 40% disability rating. The VA denied his PTSD claim because there was insufficient evidence that he served in combat.

In February 2004, Mr. Swisher submitted what he represented was a corrected DD-214, showing that he sustained wounds from combat in Korea in 1955 and listing military decorations such as the Purple Heart and a Navy and Marine Corps Commendation Medal. After receiving the "corrected" DD-214, the VA granted his PTSD service connection claim.

In January 2005, the National Personnel Records Center determined that Mr. Swisher's military records showed that he did not receive any decorations, and in May 2005, the Navy notified the VA that Mr. Swisher's "corrected" DD-214 was not authentic. The VA proposed to sever the PTSD service connection award. The VA Office of the Inspector General ("OIG") also conducted an investigation and determined Mr. Swisher had submitted an altered DD-214 and that the VA overpaid approximately $95,000 in benefits. The VA severed the PTSD service connection award in July 2006, and the OIG sent the results of its investigation to the U.S. Attorney's Office for criminal prosecution. The next month, Mr. Swisher requested another hearing to reevaluate his PTSD claim and "to present new evidence." App. 25.

In January 2009, a jury convicted Mr. Swisher on three felony counts: (1) making false statements to the VA; (2) forging a DD-214 to obtain benefits; and (3) theft of government funds. *United States v. Swisher*, 790 F. Supp. 2d 1215, 1224–25 (D. Idaho 2011), *rev'd on other grounds*, 811 F.3d 299 (9th Cir. 2016) (en banc) (holding that a statute criminalizing the unauthorized wearing of military medals violated the First Amendment). The court sentenced Mr. Swisher to over twelve months in prison and three years of supervised release. *Id.* at 1225.

In March 2013, Mr. Swisher received a hearing examination that showed improved hearing, and as a result, the VA reduced his disability rating from 40% to 30%. Mr. Swisher appealed the reduction in disability rating and the severance of his PTSD award.

The Board of Veterans' Appeals ("Board") determined that the VA properly severed his PTSD award because it was based on false statements, finding that his convictions for false statements and forging the DD-214 were probative evidence against his contrary assertions. The Board also determined that the VA properly reduced Mr.

Swisher's disability rating because his 2013 hearing examination and a separate 2011 examination both showed hearing acuity that exceeded the 40% disability rating criteria.

The United States Court of Appeals for Veterans Claims ("Veterans Court") affirmed. The Veterans Court held that the VA properly severed the PTSD award because it was based on fraud and that there was no clear error in the Board's determination that his hearing disability rating should be reduced. The court rejected Mr. Swisher's arguments that the VA failed in its duty to assist him in obtaining certain documents from a 2004 federal district court case that he claimed would substantiate his PTSD claim. Specifically, the Veterans Court found that Mr. Swisher had not identified any records that had a reasonable possibility of substantiating his claim. The Veterans Court also rejected Mr. Swisher's claim that the VA violated his due process rights by failing to conduct a hearing because he in fact received and testified in a hearing in 2005 before severance of his PTSD award and rejected the opportunity for an additional hearing in a November 2015 letter. Mr. Swisher now appeals to this court.

## DISCUSSION

Section 7292 of title 38 limits our jurisdiction in reviewing decisions by the Veterans Court. The court lacks jurisdiction to review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case," unless the appeal "presents a constitutional issue." 38 U.S.C. § 7292(d). The court may "review, and 'hold unlawful and set aside,' if warranted, 'any regulation or any interpretation thereof (other than a determination as to a factual matter) that was relied upon in the decision of the [Veterans Court].'" *Graves v. Principi*, 294 F.3d 1350, 1354 (Fed. Cir. 2002). A veteran's "entitlement to [disability] benefits is a prop-

erty interest protected by the Due Process Clause of the Fifth Amendment to the United States Constitution." *Cushman v. Shinseki*, 576 F.3d 1290, 1298 (Fed. Cir. 2009). Whether a claimant was denied a full and fair hearing on the factual issues of his claim presents a constitutional issue over which we have jurisdiction. *Id.* at 1296–98.

Mr. Swisher challenges the reduction of his disability rating for bilateral hearing loss and the VA's severance of his PTSD claim.[1] Mr. Swisher challenges the reduction of his hearing disability rating by arguing that the Veterans Court improperly interpreted the hearing test results. He challenges the severance of his PTSD award by arguing that (1) the VA failed in its duty under 38 U.S.C. § 5103A(a)(1) to assist him in obtaining relevant records that he contends would substantiate his claim; and (2) the VA violated his due process rights by failing to afford him a requested hearing after severance of his PTSD award.

Mr. Swisher's argument regarding the reduction in hearing disability rating asks us to reevaluate the 2011 and 2013 hearing test results. Reevaluating these hearing test results would constitute a review of a factual determination. We lack jurisdiction to review such a determination. *See Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010).

---

[1] Mr. Swisher also argues that the VA improperly reduced his rating for right shoulder disability. The Board remanded his shoulder claims to the VA for further consideration. We do not have jurisdiction over the Board's decision to remand because it does not constitute an appealable final decision, and Mr. Swisher has not argued that his shoulder claim meets the requirements of the jurisdictional exception to finality. *See Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir. 2002).

Mr. Swisher's first argument regarding the severance of the PTSD award is that the VA failed in its duty under 38 U.S.C. § 5103A(a)(1) to assist him in obtaining evidence to substantiate his claim. The VA is not required to assist in obtaining records that do not have a reasonable possibility of helping substantiate a claim. 38 U.S.C. § 5103A(a)(2); *Golz v. Shinseki*, 590 F.3d 1317, 1322 (Fed. Cir. 2010). The Veterans Court found that the records identified by Mr. Swisher from the 2004 federal court case did not have a reasonable possibility of substantiating his claim that his "corrected" DD-214 was valid in light of his 2009 fraud conviction that found the same DD-214 was fraudulent. Suppl App. 8. Whether certain records have a reasonable possibility of substantiating a claim is a factual determination that is not reviewable by this court. *Golz*, 590 F.3d at 1322. Accordingly, this court does not have jurisdiction to review the Veterans Court's determination that the VA did not fail in its duty to assist under § 5103A(a)(1).

Mr. Swisher's second argument regarding the severance of the PTSD award is that the VA violated his Fifth Amendment due process rights by failing to afford him a requested hearing after severance of the award. This is the sole argument raised by Mr. Swisher over which we have jurisdiction because it raises a constitutional due process issue: whether Mr. Swisher was afforded a full and fair hearing in connection with the loss of his PTSD award. *See Cushman*, 576 F.3d at 1296–98. Specifically, Mr. Swisher's argument is that "[b]y not receiving a requested personal hearing in calendar year 2006, Swisher was denied the Due Process Right of clearing himself of alleged misconduct."

As the Veterans Court pointed out, Mr. Swisher received notice of the proposed severance of his PTSD award in June 2005 because the VA determined it was based on an invalid DD-214. Mr. Swisher submitted evidence in response and testified at a hearing before a

decision review officer in August 2005. The July 2006 severance decision noted that Mr. Swisher was given the opportunity to submit evidence and appear and testify at the August 2005 hearing. In October 2015, the Board sought clarification regarding Mr. Swisher's hearing request that was made after severance of his PTSD claim. Despite now arguing that he was denied a hearing after severance of the PTSD award, Mr. Swisher responded in November 2015, stating that he did not want a Board hearing and requesting that his appeal instead be advanced for adjudication.

We hold that the VA did not violate Mr. Swisher's due process rights by not scheduling a hearing after the severance of his PTSD award in response to his request in 2006. The VA gave Mr. Swisher a full and fair hearing before the severance of the award, and he rejected an opportunity for a later hearing in 2015. Additionally, the validity of Mr. Swisher's "corrected" DD-214 was adjudicated in a full jury trial and found to be fraudulent in 2009, resulting in three felony convictions that were upheld on appeal. Accordingly, Mr. Swisher's due process rights have not been violated.

## CONCLUSION

We have considered the remaining arguments raised by Mr. Swisher over issues for which we have jurisdiction and find them unpersuasive. The Veterans Court's determination that the VA did not violate Mr. Swisher's due process rights in severing his PTSD award is affirmed. The remainder of this appeal is dismissed for lack of jurisdiction.

**AFFIRMED-IN-PART, DISMISSED-IN-PART**

### COSTS

No costs.